**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------X
Yu Peng Lu, individually and on behalf of all other
employees similarly situated,

                        Plaintiff,                  Case No. 1:18-cv-07177

                  -against-
NISEN SUSHI OF COMMACK, LLC d/b/a Nisen
Sushi, TOM LAM, and ROBERT BEER

                        Defendants.
---------------------------------------------------------X

 

**MEMORANDUM OF LAW**
**IN SUPPORT OF PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST**
**DEFENDANTS NISEN SUSHI OF COMMACK, LLC D/B/A NISEN SUSHI,**
**TOM LAM, AND ROBERT BEER**

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ............................................................... 1

STATEMENT OF FACTS ................................................................... 1

ARGUMENT ................................................................................ 1

I.  PLAINTIFF IS ENTITLED TO JUDGMENT BY DEFAULT. ................................... 1

II.  PLAINTIFF IS ENTITLED TO CERTAIN CATEGORIES OF DAMAGES. .............. 2

III.  CALCULATION OF PLAINTIFF'S DAMAGES ........................................... 5

   A.  Back Pay Under the FLSA and New York State Labor Law ...................... 6

   B.  Spread of Hours Pay Under New York Labor Law.................................... 7

   C.  Liquidated Damages ............................................................. 8

   D.  Failure to Provide Notices and Statements Under New York Law ............................ 9

   E.  Pre-Judgment Interest ......................................................... 10

   F.  Summary of Requested Damages Award ................................. 10

IV.  PLAINTIFF IS ALSO ENTITLED TO REASONABLE ATTORNEYS' FEES AND

COSTS ................................................................................ 11

V.  THE PROPOSED DEFAULT JUDGMENT ACCURATELY REFLECTS THAT

WHICH IS SET FORTH ABOVE ......................................................... 13

CONCLUSION............................................................................. 14

## <u>TABLE OF AUTHORITIES</u>

**CASES**

*.N.Y. State Ass'n for Retarded Children, Inc. v. Carey, 711* F.2d 1136 (2d Cir. 1983)............... 12

*Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680 (1946) ........................................ 7

*Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany,* 522 F.3d 182 (2d Cir.

    2008) ............................................................................... 11, 12

*Brock v. Superior Care, Inc.,* 840 F.2d 1054 (2d Cir. 1988) ........................................ 4

*Brooklyn Sav. Bank v. O'Neil,* 324 U.S. 697 (1945) ............................................... 8

*Castillo v. Zishan, Inc., 2018 U.S. Dist. LEXIS 60129 (S.D.N.Y. Apr. 6, 2018)*.......................... 13

*Cesario v. BNI Construction, Inc.,* No. 07 Civ. 8545, 2008 U.S. Dist. LEXIS 103155 (S.D.N.Y.

    Dec. 15, 2008) ........................................................................ passim

*Chan v. Sung Yue Tung Corp.,* No. 03 Civ. 6048, 2007 U.S. Dist. LEXIS 33883 (S.D.N.Y. May

    7, 2007) ................................................................................ 4

*Cotton v. Slone,* 4 F.3d 176 (2d Cir. 1993) ...................................................... 1, 6

*Cox v. Town of Poughkeepsie,* 209 F.Supp.2d 319 (S.D.N.Y. 2002) .................................. 5

*Doo Nam Yan v. ACBL Corp.,* 427 F.Supp.2d 327 (S.D.N.Y. 2005) .................................. 4

*Flores v. Chirping Chicken NYC City*, No. 14cv1594 (TPG) (DF), 2017 U.S. Dist. LEXIS 33381

    (S.D.N.Y. Mar. 6, 2017) ................................................................ 8

*Fustok v. ContiCommodity Servs., Inc*., 873 F.2d 38 (2d Cir. 1989)................................... 2

*Grant v. Martinez,* 973 F.2d 96 (2d Cir. 1992)...................................................... 12

*Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.,* 973 F.2d 155 (2d Cir. 1992) ................ 2

*Guardado v. Precision Fin., Inc.*, No. 04 Civ. 3309, 2008 U.S. Dist. LEXIS 47881 (E.D.N.Y. Mar. 25, 2008) ............................................................................................................. 11

*Hensley v. Eckerhart*, 461 U.S. 424 (1983) ................................................................... 12

*Herman v. RSR Sec. Servs.,* 172 F.3d 132 (2d Cir. 1999)............................................ 5, 9

*Lunday v. City of Albany,* 42 F.3d 131 (2d Cir. 1994).................................................... 12

*McDonald ex rel. Prendergast v. Pension Plan of the NYSA-ILA Pension Trust Fund*, 450 F.3d 91 (2d Cir. 2006)................................................................................................... 13

*McLaughlin v. Richland Shoe. Co.,* 486 U.S. 128 (1988)................................................. 5

*Reich v. S. New Eng. Telecomm. Corp.,* 121 F.3d 58 (2d Cir. 1997) ......................... 8, 9

*Reilly v. Natwest Markets Group, Inc.*, 181 F.3d 253 (2d Cir. 1999) ............................. 4

*Reiter v. MTA N.Y. City Transit Auth.*, 457 F.3d 224 (2d Cir. 2006) ........................... 13

*Roman v. Maietta Const., Inc.,* 147 F.3d 71 (1st Cir. 1998) ............................................ 6

*Tran v. Tran,* 860 F.Supp. 91 (S.D.N.Y. 1993) ............................................................... 6

*Yu G. Ke v. Saigon Grill, Inc.,* 595 F.Supp.2d 240 (S.D.N.Y. 2008) ............................. 5

*Zeng Liu v. Jen Chu Fashion Corp.,* No. 00 Civ. 4221, 2004 U.S. Dist. LEXIS 35 (S.D.N.Y. Jan. 7, 2004) ...................................................................................................................... 4, 7

## STATUTES

29 U.S.C. § 207(a)(1)........................................................................................................ 2, 6

29 U.S.C. § 216(b) ........................................................................................................ 3, 8, 11

29 U.S.C. § 255(a) ............................................................................................................... 5

29 U.S.C. § 260 .................................................................................................................... 9

N.Y. Labor Law § 160 ......................................................................................................... 2

N.Y. Labor Law § 198 ........................................................................................................ 11

N.Y. Labor Law § 198(1-a) ................................................................................................. 5

New York Labor Law §198(1-b) ..................................................................................... 3, 9

New York Labor Law §198(1-d) ..................................................................................... 3, 9

New York Labor Law, §195(1)(a), .................................................................................. 3, 9

New York Labor Law, §195(3) .................................................................................... 3, 8, 9

## RULES

Fed.R.Civ.P. 55(b) .............................................................................................................. 1

N.Y. C.P.L.R. §§ 5001-02 .................................................................................................. 4

## REGULATIONS

12 N.Y. C.R.R. § 142-2.18 .............................................................................................. 3, 8

12 N.Y. C.R.R. § 142-2.4 ............................................................................................... 2, 8

12 N.Y.C.R.R. § 142-2.2 .................................................................................................. 6

2 N.Y. C.R.R. § 142-2.2 .................................................................................................... 2

29 C.F.R. § 776.5 .............................................................................................................. 6

## PRELIMINARY STATEMENT

Plaintiff Yu Peng Lu ("Plaintiff") is entitled to judgment by default against defendants NISEN SUSHI OF COMMACK, LLC d/b/a Nisen Sushi, TOM LAM, and ROBERT BEER (collectively "Defendants") pursuant to Fed.R.Civ.P. 55(b). Plaintiff is entitled to compensatory damages and attorneys' fees on his claims under the Fair Labor Standards Act, New York Labor Law and the common law, the costs and disbursements of this action, and pre- and post-judgment interest.

## STATEMENT OF FACTS

In support of this motion, Plaintiff submits a number of exhibits, including the Complaint, attorney Ken Maeng's affirmation ("Maeng Aff."), and Plaintiff Yu Peng Lu's affirmation ("Lu Aff.") in order to provide the factual basis and relevant procedural history for his claims. Plaintiff also submits his attorney Ken Maeng's affirmation for the Court to consider regarding damages calculations in this action. Plaintiff respectfully refers the Court to these documents for a full recitation of the facts relevant to this motion.

## ARGUMENT

### I.      PLAINTIFF IS ENTITLED TO JUDGMENT BY DEFAULT.

Plaintiff Yu Peng Lu is entitled to judgment by default under Fed.R.Civ.P. 55(b) because Defendants NISEN SUSHI OF COMMACK, LLC d/b/a Nisen Sushi, TOM LAM, and ROBERT BEER have not appeared in this action nor answered the pleadings, and the Clerk of the Court has, accordingly, entered the Defendants' default. (Exhibit 6 to Maeng Aff.). Where a party is in default the Court should accept the plaintiff's allegations of fact, except those relating to damages, as true. *See, e.g. Cotton v. Slone,* 4 F.3d 176, 181 (2d Cir. 1993) ("factual allegations are taken as true in light of the general default judgment"); *Greyhound Exhibitgroup,*

1

*Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992); *Cesario v. BNI Construction, Inc.*, No. 07 Civ. 8545, 2008 U.S. Dist. LEXIS 103155, at *3 (S.D.N.Y. Dec. 15, 2008). The Court may conduct an inquest to calculate damages based solely on documentary evidence so long as the Court ensures that there is a basis for the damages specified in the default judgment. *Fustok v. ContiCommodity Servs., Inc*., 873 F.2d 38, 40 (2d Cir. 1989); *Cesario*, 2008 U.S. Dist. LEXIS 103155, at *3 (conducting inquest on damages in an FLSA case).

## II.   PLAINTIFF IS ENTITLED TO CERTAIN CATEGORIES OF DAMAGES.

Under the FLSA and the New York Labor Law, as limited by the specific claims Plaintiff has raised, Plaintiff is entitled to several distinct types of damages. The FLSA and the New York Labor Law generally require employers to pay certain minimum wages as well as a premium overtime rate to employees who work more than 40 hours in a workweek. 29 U.S.C. § 207(a)(1); N.Y. Labor Law § 160; 12 N.Y. C.R.R. § 142-2.2. Specifically, employers must pay employees at least one-and-one-half times their regular rate of pay for each hour worked in excess of 40 in a week. 29 U.S.C. § 207(a)(1); 12 N.Y. C.R.R. § 142-2.2. Plaintiff is entitled to overtime pay for the entirety of his employment period, because Plaintiff did not receive overtime pay despite working far more than 40 hours per week in every week during his employment period with Defendants (Ex.1 ¶35; Ex. 2 Lu Aff. ¶10). Plaintiff was employed by the Defendants from in or around January 2013 to on or around August 3, 2014, and then from on or around April 1, 2016 to November 11, 2018. (Ex.1 ¶26; Ex. 2 Lu Aff. ¶2).

Under the New York Labor Law, Plaintiff is also entitled to so-called "spread of hours pay" equal to one additional hour at the then-existing minimum wage rate for each day in which his spread of hours exceeded 10 hours. 12 N.Y. C.R.R. § 142-2.4. "The spread of hours is the interval between the beginning and end of an employee's workday. The spread of hours for any

day includes working time plus time off for meals plus intervals off duty." 12 N.Y. C.R.R. § 142-2.18. Plaintiff worked over 10 hours per day, for each workday. *See* Ex. 2 Lu Aff. ¶¶3,4. He is therefore entitled to one additional hour of pay at the then-applicable New York minimum wage rate for each workday.

An employer who fails to pay in accordance with the FLSA is "liable to the employee ... in the amount of their unpaid minimum wages, or their unpaid overtime compensation ... and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b).

Effective April 9, 2011, New York Labor Law, §195(1)(a), has required Defendants to provide each Plaintiff in writing with notices containing the Plaintiff's rate of pay, the regular pay day, the name of the employer, any "doing business as" names used by the employer and other information and disclosures.  Effective April 9, 2011, New York Labor Law, §195(3), has required Defendants to provide Plaintiff in writing with statements with every payment of wages, listing the dates of work covered by the payment of wages, the rate of pay and the basis thereof.  At all relevant times, the Defendants have failed to provide Plaintiff with written notices and written statements containing his rate of pay and other disclosures as required by the New York Labor Law.  Due to Defendants' New York Labor Law §198(1-b) violations, Plaintiff is entitled to recover from Defendants, jointly and severally, damages of fifty dollars for each work day that the violations occurred or continued to occur, not to exceed a total of five thousand dollars each, together with costs and reasonable attorney's fees and the costs of the action, including interest. Due to Defendants' New York Labor Law §198(1-d) violations, Plaintiff is entitled to recover from Defendants, jointly and severally, damages of two hundred and fifty dollars for each work day that the violations occurred or continued to occur, not to exceed a total of five thousand dollars each, together with costs and reasonable attorney's fees and the costs of the action, including

interest.

Under New York law, Plaintiff is entitled to pre-judgment interest at the rate of 9% on all his state-law claims. See N.Y. C.P.L.R. §§ 5001-02. An award of such interest has been approved in cases similar to the one at bar. *See, e.g., Cesario*, 2008 U.S. Dist. LEXIS 103155, at *15-16; *Doo Nam Yan v. ACBL Corp.,* 427 F.Supp.2d 327, 342 (S.D.N.Y. 2005); *Zeng Liu v. Jen Chu Fashion Corp.,* No. 00 Civ. 4221, 2004 U.S. Dist. LEXIS 35, at *15-16 (S.D.N.Y. Jan. 7, 2004); *accord Chan v. Sung Yue Tung Corp.,* No. 03 Civ. 6048, 2007 U.S. Dist. LEXIS 33883, at *25-26 (S.D.N.Y. May 7, 2007) ("Prejudgment interest may be awarded on state claims pursuant to N.Y. C.P.L.R. § 5001 even where liability is also found under the FLSA.") (citation omitted). Although Plaintiff cannot recover both liquidated damages and prejudgment interest under the FLSA*, see Brock v. Superior Care, Inc.,* 840 F.2d 1054, 1064 (2d Cir. 1988), he may recover prejudgment interest on his claims under the New York Labor Law including his overtime claim notwithstanding that his overtime claim is also brought under the FLSA, *see Cesario*, 2008 U.S. Dist. LEXIS 103155, at *16 (citing Chan, 2007 U.S. Dist. LEXIS 33883, at *26); *Doo Nam Yang*, 427 F.Supp.2d at 342. And unlike federal law, prejudgment interest under New York Law may be awarded in addition to liquidated damages. *Reilly v. Natwest Markets Group, Inc.*, 181 F.3d 253, 265 (2d Cir. 1999); *Cesario,* 2008 U.S. Dist. LEXIS 103155, at *16 (collecting cases).

Accordingly, as set forth in Plaintiff's complaint, Plaintiff brings claims against the defaulted Defendants for:

  a.  Plaintiff's unpaid overtime wages due under the New York Labor Law and its regulations and the Fair Labor Standards Act;

  b.  Plaintiff's unpaid compensation for spread of hours under New York Labor Law and its regulations;

      c.   Statutory damages under the New York Labor Law.

      d.   Liquidated damages, pre-judgment and post-judgment interest, attorneys' fees, and costs as applicable to each claim.

## III.    CALCULATION OF PLAINTIFF'S DAMAGES

In the following subsections, Plaintiff sets forth a detailed calculation and the basis therefore for each category of damages to which he claims he is entitled. However, a threshold issue is whether the Defendants' violations of the law were "willful," as it affects both the statute of limitations under the FLSA and whether Plaintiff is entitled to liquidated damages under the New York Labor Law. See 29 U.S.C. § 255(a) (a cause of action under the FLSA must "be commenced within two years after the cause of action accrued ... except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued"); N.Y. Labor Law § 198(1-a) (plaintiff is entitled to liquidated damages of 100% of the amount of wages owed upon a finding that the employer's failure to pay the wages was willful).

In order to support a finding of willfulness, Plaintiff needs only show that Defendants "'knew or showed reckless disregard for the matter of whether [their] conduct was prohibited by the [FLSA].'" *Herman v. RSR Sec. Servs.,* 172 F.3d 132, 141 (2d Cir. 1999) (quoting *McLaughlin v. Richland Shoe. Co.,* 486 U.S. 128, 133 (1988)).  In order to show that an employer had reckless disregard for the FLSA requirements, a plaintiff must show that the employer was aware that such requirements might exist but chose to ignore their potential applicability. *See Yu G. Ke v. Saigon Grill, Inc.,* 595 F.Supp.2d 240, 258-59 (S.D.N.Y. 2008); *Cox v. Town of Poughkeepsie,* 209 F.Supp.2d 319, 328 (S.D.N.Y. 2002).

In this case, although the precise contours of Defendants' knowledge in this area remain undefined, as discovery was never conducted against these Defendants, the Court should

nevertheless find that Defendants knew or showed reckless disregard for the matter of whether they had to pay their employees proper wages.  It has been alleged in the complaint that the Defendants' violations were willful (Ex.1 at ¶¶23, 24, 43, 44), and the factual allegations contained in the complaint are deemed admitted as a result of Defendants' default, *Cotton*, 4 F.3d at 181; *Greyhound*, 973 F.2d at 158. *Cesario*, 2008 U.S. Dist. LEXIS 103155, at *14-15 (finding plaintiff's allegations in complaint that employer's violations of FLSA were willful were uncontroverted by the Defendants as a result of their default and, accordingly, finding that Defendants' violations were willful within meaning of FLSA).

**A.    Back Pay Under the FLSA and New York State Labor Law**

FLSA required that employees must be paid minimum wages as well as one-and-a-half times their regular rate for each hour worked over forty hours in a week. 29 U.S.C. § 207(a)(1). New York's rules on overtime explicitly incorporate those of the FLSA, and thus require pay at one-and-a-half times the regular normal rate for each hour over forty hours in a week. 12 N.Y.C.R.R. § 142-2.2.  Regardless of whether an employee is paid on a piecework, hourly, commission, or other basis, he must be paid the equivalent of the required overtime for hours worked.  29 C.F.R. § 776.5 provides that the requirement to pay overtime is not dependent on the method of compensation of employees.

Specifically, back pay under the FLSA is calculated as the difference between the lawfully required pay and the pay actually received. *See E.g.*, *Roman v. Maietta Const., Inc.,* 147 F.3d 71, 76 (1st Cir. 1998) (in calculating employer's liability for back pay to former employee for unpaid overtime under FLSA, district court properly deducted the amount of regular hourly compensation already paid for the overtime hours in dispute); *Tran v. Tran,* 860 F.Supp. 91, 96 (S.D.N.Y. 1993), *aff'd in part and rev'd in part on other grounds,* 54 F.3d 115 (2d Cir 1995), cert.

denied, 517 U.S. 1133, 116 S. Ct. 1417 (1996) (the tips received by the plaintiff in the course of his employment were to be offset any damages for failure to pay the required minimum wage).

The onus is on the employer to maintain proper records of employees' hours worked, 29 U.S.C. § 211(c). "In a FLSA case, in the absence of rebuttal by defendants, plaintiffs' recollection and estimates of hours worked are presumed to be correct." *Zeng Liu v. Jen Chu Fashion Corp.,* 2004 WL 33412, *3 (S.D.N.Y. 2004) (the court accepted the plaintiffs' estimates of hours worked).

> An employee has carried out his burden [of production under the FLSA] if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work by just and reasonable inference. The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence. If the employer fails to produce such evidence, the court may then award damages to the employee, even though the result be only approximate.

*Id.* (citing *Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680, 687-88, 66 S. Ct. 1187 (1946), and other cases).

Here, annexed to the moving papers as Exhibit 7 to Maeng Aff. is Plaintiff's damages calculations. From January 1, 2013 to August 3, 2014, and from April 1, 2016 to April 2018 Plaintiff worked about fifty-eight (58) hours per week. From April 2018 to November 11, 2018 Plaintiff worked about fifty and a half (50.5) hours per week. (*See* Ex. 1 ¶¶29, 30) (Ex. 2 Lu Aff. ¶¶4, 5).  We have calculated Plaintiff's damages based on the estimation of hours alleged in the complaint.  The total amount owed to Plaintiff in back wages is $91,470.83.  (*See* Ex. 7 to Maeng Aff.).

**B.     Spread of Hours Pay Under New York Labor Law**

Under the New York Labor Law, Plaintiff is entitled to "spread of hours pay" of one

additional hour at the then-existing minimum wage rate for each day in which his spread of hours exceeded 10 hours. 12 N.Y. C.R.R. § 142-2.4; *see Cesario*, 2008 U.S. Dist. LEXIS, at *12-13. "The spread of hours is the interval between the beginning and end of an employee's workday. The spread of hours for any day includes working time plus time off for meals plus intervals off duty." 12 N.Y. C.R.R. § 142-2.18. Like Plaintiff's other claims under the New York Labor Law, this claim is subject to a six-year statute of limitations, N.Y. Labor Law § 198(3), which covers the entirety of Plaintiff's employment.

Plaintiff's work-day was more than ten hours for each work day he worked for Defendants. Therefore, spread of hours pay owed to Plaintiff is $11,594.20, with 100% liquidated damages for a total of $23,188.40. *See Flores v. Chirping Chicken NYC City*, No. 14cv1594 (TPG) (DF), 2017 U.S. Dist. LEXIS 33381, at *35 n.13. (S.D.N.Y. Mar. 6, 2017) (awarding 100% liquidated damages for unpaid spread of hours after April 9, 2011).

## C.    Liquidated Damages

"An employer who violates the FLSA's overtime provision ... 'shall be liable' to employees for unpaid minimum wage and overtime wages and 'an additional equal amount as liquidated damages.' *Cesario*, 2008 U.S. Dist. LEXIS 103155, at *13 (quoting 29 U.S.C. § 216(b)). Such damages "are considered compensatory rather than punitive in nature."' *Cesario*, 2008 U.S. Dist. LEXIS 103155, at *13 (quoting *Reich v. S. New Eng. Telecomm. Corp.,* 121 F.3d 58, 71 (2d Cir. 1997)). They are meant to be compensation for the retention of pay, which might result in damages to the employee that are too difficult to prove or estimate other than through liquidated damages. *Cesario*, 2008 U.S. Dist. LEXIS 103155, at *13 (citing Reich, 121 F.3d at 71 and *Brooklyn Sav. Bank v. O'Neil,* 324 U.S. 697, 707, 65 S.Ct. 895, 89 L.Ed. 1296 (1945)).

"Courts have discretion to deny an award of liquidated damages where the employer shows

that, despite the failure to pay appropriate wages, the employer acted in subjective 'good faith' and had objectively 'reasonable grounds' for believing that the acts or omissions giving rise to the failure did not violate the FLSA." *Herman*, 172 F.3d at 142 (quoting 29 U.S.C. § 260). "The employer bears the burden of proving good faith and reasonableness, but the burden is a difficult one, with double damages being the norm and single damages the exception." *Id*. (citing Reich, 121 F.3d at 71). To carry their burden, the Defendants here "must produce plain and substantial evidence of at least an honest intention to ascertain what the [FLSA] requires and to comply with it." *Reich*, 121 F.3d at 71 (internal quotation and citation omitted). In this case, the defaulting Defendants have made no such showing and, accordingly, Plaintiff should receive liquidated damages.

Accordingly, Plaintiff Lu is entitled to recover 100% liquidated damages under the FLSA on his overtime claims. As shown in the damage calculation, annexed to the moving papers as Exhibit 7 to Maeng Aff., Plaintiff Lu is entitled to $91,470.83 in liquidated damages on his FLSA overtime claims.

**D.    Failure to Provide Notices and Statements Under New York Law**

Effective April 9, 2011, New York Labor Law, §195(1)(a), has required Defendants to provide Plaintiff in writing with notices. Effective April 9, 2011, New York Labor Law, §195(3), has also required Defendants to provide Plaintiff in writing with statements with every payment of wages, listing the dates of work covered by the payment of wages, the rate of pay and the basis thereof.  New York Labor Law §198(1-b) states that a Plaintiff is entitled to recover from Defendants, damages of fifty dollars for each work day that the violations occurred or continued to occur, not to exceed a total of five thousand dollars each, together with costs and reasonable attorney's fees and the costs of the action, including interest. New York Labor Law §198(1-d)

9

states that a Plaintiff is entitled to recover from Defendants, damages of two hundred and fifty dollars for each work day that the violations occurred or continued to occur, not to exceed a total of five thousand dollars each, together with costs and reasonable attorney's fees and the costs of the action, including interest.  Here, Plaintiff Lu is entitled to recover a total amount of $10,000 each as explained by Exhibit 7 of the Maeng Aff.

**E.      Pre-Judgment Interest**

An award of pre-judgment interest under New York law is appropriate on all of Plaintiff's claims notwithstanding that he is being awarded liquidated damages under the FLSA. *Cesario*, 2008 U.S. Dist. LEXIS 103155, at *16-17 (calculating prejudgment interest on default judgment on FLSA overtime wages and New York spread of hours pay and unpaid wages). Plaintiff's attorney explains how the pre-judgment interest calculation was made in this case, which the Court should accept as reasonable.  Accordingly, Plaintiff should be awarded pre-judgment interest as follows: For Plaintiff prejudgment interest is equal to $27,878.38 = $103,065.03 (back wages) x 0.09/365 x 1,097 (1,097 days from April 1, 2016 to April 2, 2019).  (Maeng Aff. ¶ 25).

**F.      Summary of Requested Damages Award**

Below is a chart showing the total compensatory damages Plaintiff is seeking by this motion:

**Total Damages for Plaintiff Lu Exclusive of Attorneys' Fees and Costs**

| | |
|---|---|
| Back Wages | $91,470.83 |
| Liquidated Damages Under FLSA | $91,470.83 |
| Spread of Hours Pay | $11,594.20 |
| Liquidated Damages Under New York Labor Law | $11,594.20 |
| Failure to Provide notices and statements under New York Law | $10,000.00 |

| | |
|---|---|
| Pre-Judgment Interest | $27,878.38 |
| Total | $244,008.44 |

Accordingly, Plaintiff Lu requests that he be awarded compensatory damages, liquidated damages, and pre-judgment interest against the defaulting Defendants in the amount of $244,008.44 as of April 2, 2019, but that the amount should be recalculated to include pre-judgment interest to the date of judgment.

## IV.   PLAINTIFF IS ALSO ENTITLED TO REASONABLE ATTORNEYS' FEES AND COSTS

In an action under the FLSA, the court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). Fees and costs are also awardable under the New York Labor Law with respect to the state law claims. N.Y. Labor Law § 198; *see, e.g., Guardado v. Precision Fin., Inc.*, No. 04 Civ. 3309, 2008 U.S. Dist. LEXIS 47881, at *2 (E.D.N.Y. Mar. 25, 2008).

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. This calculation provides an objective basis on which to make an initial estimate." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany,* 522 F.3d 182, 186 (2d Cir. 2008). Prior to Arbor Hill, this amount was known as the "lodestar" amount, which the Second Circuit has suggested be known going forward as the "presumptively reasonable fee." *Id*. at 183.

It is "well established that 'any attorney ... who applied for court-ordered compensation in this Circuit ... must document the application with contemporaneous time records ... specifying, for each attorney, the date, the hours expended, and the nature of the work done.'" *Cesario,* 2008

11

U.S. Dist. LEXIS 103155, at *19 (quoting *N.Y. State Ass'n for Retarded Children, Inc. v. Carey, 711* F.2d 1136, 1148 (2d Cir. 1983)). While reviewing the records, the Court should make "a conscientious and detailed inquiry into the validity of the representations that a certain number of hours were usefully and reasonably expended." *Lunday v. City of Albany,* 42 F.3d 131, 134 (2d Cir. 1994).

The inquiry should be focused on "whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures." *Grant v. Martinez*, 973 F.2d 96, 99 (2d Cir. 1992) (citation omitted). However, in considering the records, the Court should not "engage in 'an ex post facto determination of whether attorney hours were necessary to the relief obtained.'" *Cesario,* 2008 U.S. Dist. LEXIS 103155, at *20 (quoting Grant, 973 F.2d at 99). While the Court may exclude hours from the calculation that are "excessive, redundant, or otherwise unnecessary," *Hensley v. Eckerhart*, 461 U.S. 424, 434, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983), "[t]here is no precise rule or formula for making these determinations," *id*. at 436.

Plaintiff's attorney has submitted a compilation of his contemporaneous time records for the Court's consideration on this motion. (Exhibit 8 to Maeng Aff.). Ken Maeng, an associate at Plaintiff's attorneys' firm, Hang & Associates, PLLC, describes in detail the manner in which the time records were compiled, explains why the hours were usefully and reasonably expended. *see generally* Maeng Aff. The Court should find that all attorney hours spent on this case were reasonable under the circumstances and include every hour expended in its calculation of the presumptively reasonable fee.

With respect to figuring a reasonable hourly rate, the Second Circuit has held that the term means "what a reasonable, paying client would be willing to pay." *Arbor Hill*, 522 F.3d at 184. The rate should be "in line with those [rates] prevailing in the community for similar services by

12

lawyers of reasonably comparable skill, experience, and reputation." *Reiter v. MTA N.Y. City Transit Auth.*, 457 F.3d 224, 232 (2d Cir. 2006) (citation omitted). In considering the appropriate rate, the Court may also use its own knowledge of the relevant market. *See McDonald ex rel. Prendergast v. Pension Plan of the NYSA-ILA Pension Trust Fund*, 450 F.3d 91, 96-97 (2d Cir. 2006).

Plaintiff's counsel's hourly rate of $350 is consistent with rates normally deemed reasonable for FLSA and NYLL wage-and-hour cases in this Circuit. *See Castillo v. Zishan, Inc., 2018 U.S. Dist. LEXIS 60129, at \*17 (S.D.N.Y. Apr. 6, 2018).* Accordingly, Plaintiff in this case respectfully submits that this Court should find $350 per hour as a reasonable hourly rate for Jian Hang, principal attorney at Hang & Associates, PLLC, and $250 as a reasonable hourly rate for associates. The Affirmation of Ken Maeng sets forth a calculation of the attorneys' fees. Plaintiff requests in this case based upon the hours reasonably expended to litigate it multiplied by the above hourly rates that Plaintiff asserts are reasonable.

In addition, Plaintiff is also entitled to the costs expended on his behalf, for a total amount of $690.00. (Maeng Aff. ¶ 31; Ex. 8 to Maeng Aff.) The Court should award these costs. *Cesario,* 2008 U.S. Dist. LEXIS 103155 (citing *Arbor Hill*, 369 F.3d at 97-98).

## V.     THE PROPOSED DEFAULT JUDGMENT ACCURATELY REFLECTS THAT WHICH IS SET FORTH ABOVE

Plaintiff submits a proposed judgment reflecting all of that which is set forth above. The proposed judgment orders the following:

- ● Compensatory damages in the amount of $103,065.03;

- ● Statutory damages in the amount of $10,000.00;

- ● Liquidated damages in the amount of $103,065.03;

● Pre-judgment interest in an amount to be determined by the Court;

● Post-judgment interest in an amount to be determined by the Court;

● Attorneys' fees in the amount of $8,640.00; and

● Cost in the amount of $690.00.

It is respectfully submitted that the Court should find the proposed judgment is proper in all respects.

## **CONCLUSION**

For all the reasons set forth above, Plaintiff's motion should be granted in its entirety.

Dated: Flushing, New York
      July 16, 2019

HANG & ASSOCIATES, PLLC.

/s/ Ken Maeng
_____
Ken Maeng, Esq.
136-20 38th Ave., Suite 10G
Flushing, New York 11354
Tel: 718.353.8588
Fax: 718.353.6288
kmaeng@hanglaw.com
*Attorneys for Plaintiff*

14