**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------X

YU PENG LU,

                         Plaintiff,                **REPORT AND RECOMMENDATION**

     v.                              18-CV-7177 (RJD) (ST)

NISEN SUSHI OF COMMACK, LLC, d/b/a
NISEN SUSHI; TOM LAM, individually; and
ROBERT BEER, individually.

                            Defendants.
------------------------------------------------------------X

**TISCIONE, United States Magistrate Judge:**

      Plaintiff Yu Peng Lu ("Lu") brought this action against NISEN SUSHI OF COMMACK,

LLC, doing business as NISEN SUSHI ("Nisen Sushi"), TOM LAM, individually, and ROBERT

BEER, individually (collectively, "Defendants") for alleged violations of the Fair Labor Standards

Act ("FLSA") 29 U.S.C. §§201 *et seq*. and the New York Labor Law ("NYLL") §§190 *et seq*. *See*

Compl. ¶1. Plaintiff now moves for a default judgment against Defendants and seeks unpaid

overtime wages due under the FLSA and NYLL, unpaid spread of hours damages under NYLL

and its regulations, liquidated damages, pre- and post-judgment interest, attorneys' fees and costs.

*See* Mot. Default J., ECF No. 15 at 1; Pl.'s Mem. of Law in Support of the Motion for Default

Judgment ("Pl.'s Mem. of L."), ECF No. 16 at 4-5.

      For the reasons discussed below, I respectfully recommend that Plaintiff's motion be

granted against Defendants Nisen Sushi and Tom Lam for violations of the FLSA and NYLL, and

that this Court award Plaintiff damages in the amount of $248,536.47. I further recommend that

Plaintiff's claims against Defendant Robert Beer be dismissed.

## FACTUAL BACKGROUND

Unless otherwise stated, all statements in this section are based on Plaintiff's allegations in the Complaint, Motion for Default, and accompanying documents. Defendant Nisen Sushi is a New York corporation operating a Japanese sushi restaurant at 5032 Jericho Turnpike, Commack, NY 11725. Compl. ¶ 9. Plaintiff was employed by Defendants as a teriyaki chef from in or around January 2013 to on or around August 3, 2014, and then from on or around April 1, 2016 to in or around November 11, 2018. *Id.* ¶¶ 8, 25, 26. The following table summarizes the allegations in the Complaint surrounding Plaintiff's work hours and the amount he was paid during the relevant periods of his employment. *Id.* ¶¶ 29-32; *see* Attorney Affidavit in Support of Mot. for Default J. ("Attorney Aff."), Ex. 7 (Calculation of Damages), ECF No. 17-7.

| Period | Work Schedule | Days / Hours | Amount Paid |
|---|---|---|---|
| 1/1/2013 to 8/3/2014; <br><br> 4/1/2016 to 12/31/2017 | Four (4) weekdays: 12 hours per day, including 1.5 hour break. <br><br> Saturdays: 8.5 hours per day, no break <br><br> Sundays: 7.5 hours per day, no break | (6) days per week/ <br><br> (58) hours per week. | $650 weekly. ($300-$400 in check and the remainder in cash.) |
| 1/1/2018 to 4/1/2018 | Four (4) weekdays: 12 hours per day, including 1.5 hour break. <br><br> Saturdays: 8.5 hours per day, no break <br><br> Sundays: 7.5 hours per day, no break | (6) days per week/ <br><br> (58) hours per week. | $700 weekly. ($300-$400 in check and the remainder in cash.) |
| 4/1/2018 to 11/11/2018 | Four (4) weekdays: 12 hours per day, including 1.5 hour break. <br><br> Saturdays: 8.5 hours per day, no break | (5) days per week/ <br><br> (50.5) hours per week. | $700 per week. ($300-$400 in check and the remainder in cash.) |

Plaintiff alleges that he was not paid overtime wages and the spread of hours pay. *Id.* ¶¶ 35-36. Plaintiff also alleges that Defendants maintained a fraudulent time-card punching policy that required Plaintiff to punch less hours than the number of hours actually worked, and that Plaintiff was required to sign wage receipts that did not reflect the actual number of hours he worked. *Id.* ¶¶ 33-34.

According to the Complaint, during the relevant times Defendant Tom Lam ("Lam") was an owner, officer, shareholder, and manager of Nisen Sushi, and he had the power to hire and fire employees, determine employee wages, establish employee work schedules, and maintain employment records of Defendants' employees. *Id.* ¶ 14. Defendant Robert Beer ("Beer") was also an owner, officer, and shareholder of Nisen Sushi who has an ownership interest over Nisen Sushi and control over its operations. *Id.* ¶ 15.

Plaintiff filed his initial complaint on December 17, 2018. *Id.* The Complaint was properly served on the Defendants, but they failed to respond. *See* Executed Summonses, ECF No. 8-10. The Clerk noted their default on April 2, 2019. Entry of Default, ECF No. 13. On July 16, 2019, Plaintiff filed the instant motion for Default Judgment and proof of service along with affidavits and documents in support of his damages and attorney's fees. Mot. Default J., ECF No. 15-18. In his motion, Plaintiff seeks a total amount of $244,008.44 in damages including overtime wages, spread of hour pay, liquidated damages, statutory damages for failure to provide wage notices and wage statement, and pre-judgment interest. Pl.'s Mem. of L. at 10-11. He also requests attorney's fees in the amount of $8,640.00 and costs in the amount of $690.00. *Id.* at 13-14.

## LEGAL STANDARDS

### I.  Default Judgment

Rule 55 of the Federal Rules of Civil Procedure calls for a two-step process for obtaining a default judgment. See *Priestley v. Headminder, Inc.*, 647 F.3d 497, 504 (2d Cir. 2011). First, the plaintiff must request entry of default by the Clerk of the Court. *Id.* (citing Fed. R. Civ. P. 55(a)). Once default has been entered against the non-responsive parties, the plaintiff "must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2). Once the plaintiff meets these requirements, the court must accept the factual allegations in the plaintiff's complaint as true and must draw all reasonable inferences in the plaintiff's favor. *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009). Then, the court must determine whether these facts establish the Defendants' liability as a matter of law. *City of N.Y. v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011). The court, however, "need not credit the plaintiff's legal conclusions." *Priestley*, 647 F.3d at 504.

Unlike allegations pertaining to liability, allegations in the complaint relating to damages are not deemed admitted upon entry of a default; instead, the court considers whether the plaintiff "has met the burden of proving damages to the court with 'reasonable certainty.'" *J & J Sports Prods., Inc. v. LX Food Grocery Inc.*, No. 15-CV-6505 (NGG) (PK), 2016 U.S. Dist. LEXIS 162711, at *4 (E.D.N.Y. Nov. 23, 2016) (quoting *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999)). A court need not conduct an evidentiary hearing to determine damages "as long as it ensured that there was a basis for the damages specified in the default judgment." *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc.*, 109 F.3d 105, 111 (2d Cir. 1997) (quoting *Fustok v. ContiCommodity Services, Inc.*, 873 F.2d 38, 40 (2d Cir. 1989)). "Detailed affidavits and other documentary evidence can suffice in lieu of an evidentiary hearing." *Llolla v. Karen Gardens Apartment Corp.*, No. 12-CV-1356 (MKB) (JO),

2014 U.S. Dist. LEXIS 44884, at *5-7 (E.D.N.Y. Mar. 10, 2014) (internal citations omitted). When defendants default in an action brought pursuant to the FLSA, the plaintiff's recollection and estimates of hours worked are presumed to be correct. *Id.* (citations omitted).

## II.  FLSA and NYLL

### A.  Elements

Under the FLSA, "employers," defined as "any person acting directly or indirectly in the interest of an employer in relation to an employee[.]" 29 U.S.C. § 203(d). To fall within the scope of the FLSA's wage and overtime protections, an employee must show that he was "engaged in commerce or in the production of goods for commerce," or that his employer was "an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. §§ 206(a), 207(a)(1); *see also Jacobs v. N.Y. Foundling Hosp.*, 483 F. Supp. 2d 251, 257-58 (E.D.N.Y. 2007). The FLSA mandates that an employer pay certain minimum wages as well as a premium overtime rate (at least 150 percent of their regular rate of pay) to employees for hours worked above 40 hours per week. 29 U.S.C. §§ 206(a), 207(a)(1).

Further, an employer is required to "make, keep, and preserve" records of employee wages, hours, and employment conditions. 29 U.S.C. § 211(c). An employee bringing an action for unpaid overtime compensation under the FLSA has the burden of proving that he performed work for which he was not properly compensated, but where an employer fails to keep the required records, the plaintiff can prove his claim by producing "sufficient evidence to show the amount and extent of that work [which he was not compensated for] as a matter of just and reasonable inference" which may be established solely through his or her own recollection. *See Reich v. S. New Eng. Telecomms. Corp.*, 121 F.3d 58, 66 (2d Cir. 1997) (quoting *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687-88 (1946)).

The relevant provisions of the NYLL mirror the FLSA in the definition of employment. The NYLL also requires employers to pay employees a one-hundred-fifty percent (150 %) premium for overtime work. *See* 12 N.Y.C.R.R. § 142-2.2; *Kotuwage v. NSS Petroleum, Inc.*, No. 15-CV-4374 (FB) (ST), 2018 U.S. Dist. LEXIS 21917, at *13 (E.D.N.Y. Feb. 8, 2018); *see also Williams v. Epic Sec. Corp.*, 358 F. Supp. 3d 284, 293 (S.D.N.Y. 2019) ("liability under the FLSA and the NYLL is in large part coextensive.").

Additionally, under the NYLL an employee is entitled to spread of hours pay, which is not required under the FLSA. 12 N.Y.C.R.R. §142-2.4. Spread of hours is the time between the beginning and end of the Plaintiff's workday, including time off for meals. *Id*. at §142-2.18. For any work day that an employee works for more than ten (10) hours, an employer is required to provide an additional one (1) hour's pay at the minimum wage rate set forth in that year.

Also, the NYLL was amended by the Wage Theft Prevention Act ("WTPA") in 2011 and 2015 to require employers to provide a written "wage notice" to employees containing specific categories of information regarding the employee's wages "at the time of hiring, and on or before February first of each subsequent year of the employee's employment with the employer." *See* 2010 N.Y. Laws ch. 564 § 3, *amending* N.Y. Lab. Law § 195(1). The WTPA also requires employers to provide accurate "wage statements" which should include, among other information, "the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary  . . . regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked." N.Y. Lab. Law § 195(3).

### B.  Applicable Statutes of Limitations

Before turning to liability and damages regarding Plaintiff's claims, the Court must first examine whether the claims are timely. *See Cortes v. Warb Corp.*, No. 14-CV-7562, 2016 WL 1266596, at *2 (E.D.N.Y. Mar. 15, 2016), *adopted by*, *Cortes v. Warb Corp.*, No. 14-CV-7562, 2016 WL 1258484 (E.D.N.Y. Mar. 30, 2016) (A "determination of damages requires consideration of the applicable limitations under each statute."). Plaintiff asserts FLSA and NYLL claims for alleged violations ranging from January 1, 2013 to August 3, 2014, and then from on or around April 1, 2016 to November 11, 2018. *Id.* ¶¶ 29-32; Pl.'s Mem. of L. at 7.

Under the FLSA, the statute of limitations is normally two years, but extends to three years for willful violations. 29 U.S.C. § 255(a). A violation is classified as willful if a plaintiff shows "that the employer either knowingly violated its obligations under the FLSA or showed reckless disregard for whether its conduct was prohibited by that statute." *Chen v. JP Standard Constr. Corp.*, No. 14-CV-1086, 2016 WL 2909966, at *5 (E.D.N.Y. Mar. 18, 2016), (Report and Recommendation), *adopted by*, 2016 WL 2758272 (E.D.N.Y. May 12, 2016).

Unlike the federal statute, NYLL imposes a six-year statute of limitations period. *See* N.Y. Lab Law §§ 198(3), 663(3); *Guardado v. 13 Wall St., Inc.*, No. 15-CV-02482 (DRH)(SIL), 2016 U.S. Dist. LEXIS 167887, at *17 (E.D.N.Y. Dec. 2, 2016) (citing *Pinzon v. Paul Lent Mech. Sys. Inc.*, No. 11 Civ. 3384, 2012 U.S. Dist. LEXIS 134122, 2012 WL 4174725, at *3 (E.D.N.Y. Aug. 21, 2012) (Report and Recommendation), *adopted by*, No. 11-CV-3384, 2012 U.S. Dist. LEXIS 134125 (E.D.N.Y. Sept. 19, 2012).

As the present action was commenced on December 17, 2018, the NYLL's six-year limitations period covers the entirety of the Plaintiff's claims from January 2013 to November 2018. *Id.* ¶¶ 8, 25, 26. As the entirety of Plaintiff's claims are timely under the NYLL and

because the calculation of damages is the same whether or not Plaintiff's FLSA claims are timely" this Court need not reach the issue of willfulness related to FLSA damages. *Kotuwage v. NSS Petroleum, Inc.*, No. 15-CV-4374 (FB) (ST), 2018 U.S. Dist. LEXIS 21917, at *16-17 (E.D.N.Y. Feb. 8, 2018) (declining to decide the issue of willfulness under the FLSA because the damages calculation would be the same with the timely NYLL claims). [1]

## DISCUSSION

### I.   Default Judgment

A default judgment is ordinarily justified where a defendant fails to respond to the complaint. *See Bermudez v. Reid*, 733 F.2d 18, 21 (2d Cir. 1984). Although the Complaint and the Notice of Default were properly served upon the Defendants, none of the Defendants have responded. *See* Affidavits of Service, ECF Nos. 8-10 (Summons and Complaint served upon Nisen Sushi, Robert Beer, Tom Lam by delivery at the defendants' actual place of business to a person of suitable age and discretion and by mail); *see* Certificate of Service re Notice of Motion for Default Judgment, ECF No. 18. Accordingly, this Court finds that Defendants' "failure to answer or otherwise respond to the Complaint constitutes an admission of the allegations contained therein as fact for the purposes of an inquiry into liability." *Fermin*, 93 F. Supp. 3d at 31. I now proceed to consider whether those facts establish Defendants' liability under the FLSA and the NYLL.

---

[1]      Nonetheless, the facts alleged here are sufficient to support a finding of willfulness to extend FLSA's statute of limitations to three years. Plaintiff alleges that Defendants paid him by check for the first $300-$400 each week and then paid the remainder amount in cash, and maintained a fraudulent time-card punching policy to underreport the number of hours worked by employees. See Compl. ¶ 30-34. Defendants engaged in such compensation scheme with the apparent purpose of avoiding detection for violating applicable federal and state overtime and minimum wage laws. See Guardado v. 13 Wall St., Inc., No. 15-CV-02482 (DRH)(SIL), 2016 U.S. Dist. LEXIS 167887, at *15 (E.D.N.Y. Dec. 2, 2016) (holding that the payment of a portion of wages in check and the remainder through cash indicates willfulness and the purposeful avoidance of detection for violating wage laws).

### A. Overtime Wage Claim under the FLSA and NYLL

To establish an overtime wage violation, Plaintiff must prove that (1) Plaintiff was an employee of the Defendant during the relevant period; (2) Defendants were engaged in interstate commerce or in the production of goods for commerce that had gross annual sales of at least $500,000.00 per year during the relevant period; and (3) Defendants failed to pay Plaintiff the overtime wages required under the law. *See, e.g.*, *Guardado v. 13 Wall St., Inc.*, 2016 U.S. Dist. LEXIS 167887 at *7.

### 1. Defendants' Liability as the Employer

#### a. Nisen Sushi

The alleged facts in this Complaint sufficiently show that Nisen Sushi was Plaintiff's employer under both FLSA and NYLL, and that Plaintiff was a non-exempt employee. *See* Compl. 8-11. Plaintiff alleges that he was employed by the as a teriyaki chef at the Defendants' Restaurant. Compl. ¶¶ 8-9, 26. Plaintiff avers that, as a sushi chef, he was a non-exempt employee within the meaning of the FLSA during the relevant times. *Id.* at ¶ 17; *see, e.g.*, *Zhi Fan Li v. Leung*, 2016 U.S. Dist. LEXIS 76817, at *17 (E.D.N.Y. June 10, 2016) ("Plaintiff's Complaint states that he prepared food as a sushi chef . . . which is sufficient to constitute non-exempt employment under the FLSA."); *Guardado v. 13 Wall St., Inc*, 2016 U.S. Dist. LEXIS 167887, at *10 ("Plaintiff's Complaint and subsequent Declaration establish Guardado's non-exempt status by explaining that his actual employment was as a cook and food preparer with no ancillary managerial or supervisory responsibilities, such as hiring or firing other employees.") (internal citations omitted). These allegations sufficiently establish that Defendant Nisen Sushi was Plaintiff's employer under the definitions of FLSA and NYLL. *See Guardado v. 13 Wall St., Inc.*, 2016 U.S. Dist. LEXIS 167887, at *14. ([w]here "defendant[s] [are] considered an employer under the FLSA, they are similarly an employer under the NYLL.")

9

### b. Individual Defendants Lam and Beer's Liability

An individual may be held liable as an employer under the FLSA so long as he or she exercises "operational control" over the employee in question. *See Piedra v. Ecua Rest., Inc.*, No. 17-CV-3316 (PKC) (CLP), 2018 U.S. Dist. LEXIS 16863, at *17-18 (E.D.N.Y. Jan. 31, 2018) (citing *Irizarry v. Catsimatidis*, 722 F.3d 99, 110 (2d Cir. 2013)). Any individual who is found to qualify as an "employer" under the FLSA may be held jointly and severally liable to the plaintiff along with any corporate employer. *Id.* (citations omitted).

To determine who qualifies as an "employer" for purposes of individual liability, the Second Circuit looks to the factors enumerated in *Carter v. Dutchess Cmty. Coll.*, 735 F.2d 8 (2d Cir. 1984): "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Id.* at 12. These factors are considered in a holistic manner. *Guerrero v. 79th St. Gourmet & Deli Inc.*, No. 18-CV-04761 (ARR) (ST), 2019 U.S. Dist. LEXIS 155382, at *11 (E.D.N.Y. Sep. 10, 2019) ("satisfaction of the more narrow formal control factors is sufficient, but not necessary to establish employer status.") (internal quotations omitted).

I find that Plaintiff established individual liability against Defendant Lam as his employer by alleging that "at all times relevant to the allegations herein, Defendant Lam had the power to hire and fire employees, determine employee wages, establish employee work schedules, and maintain employment records of Defendants' employees." Compl. ¶ 14; *see Piedra v. Ecua Rest., Inc.*, 2018 U.S. Dist. LEXIS 16863, at *17-18 (finding liability against an individual defendant in a default motion, where the complaint alleged that the defendant "participated in the

10

day-to-day operations of the Restaurant, making all business decisions, including the amount of salary the employees were to receive and the number of hours they were to work").

On the other hand, Plaintiff's allegations against Defendant Beer is threadbare. The Complaint merely alleges that Defendant Beer "is an owner, officer, and shareholder of Defendant Corporation, possesses or possessed operational control over the Defendant Corporation, has an ownership interest in Defendant Corporation, or has control over the operations of Defendant Corporation." Compl. ¶ 15. As the Second Circuit Opined in *Irizarry v. Catsimatidis*, 722 F.3d 99, 109 (2d Cir. 2013), these allegations are insufficient to show liability:

> Evidence that an individual is an owner or officer of a company, or otherwise makes corporate  decisions that have nothing to do with an employee's function, is insufficient to demonstrate "employer" status. Instead, to be an "employer," an individual defendant must possess control over a company's actual "operations" in a manner that relates to a plaintiff's employment. It is appropriate, as we implicitly recognized in RSR, to require some degree of individual involvement in a company in a manner that affects employment-related factors such as workplace conditions and operations, personnel, or compensation — even if this appears to establish a higher threshold for individual liability than for corporate "employer" status.

*Id*. (emphasis added). As stated in *Irizarry*, the Complaint must do more than merely state that Defendant Beer had ownership interest and had operational control. *See id.*; *see also Hsieh Liang Yeh v. Han Dynasty, Inc.*, No. 18-CV-6018, 2019 U.S. Dist. LEXIS 24298, at *18-19 (S.D.N.Y. Feb. 14, 2019) (holding that facts "contain[ing] so little detail" fails to establish individual liability where the allegations stated that a certain individual had ownership over the corporation, and that another individual supervised the plaintiff's work.); *see also Hernandez v. Habana Room, Inc.*, No. 11-CV-1264 (RMB) (JCF), 2012 U.S. Dist. LEXIS 17289, 2012 WL 423355, at *3 (S.D.N.Y. Feb. 9, 2012) ("[M]erely having an ownership interest in the employer entity is insufficient to establish individual FLSA liability . . ."); *Cannon v. Douglas Elliman, LLC*, No.06-CV-7092 (NRB), 2007 U.S. Dist. LEXIS 91139, 2007 WL 4358456, at *5 (Dec. 10,

2007) ("[B]eyond reciting the elements of a joint employer arrangement, plaintiffs have not shown that [defendant] did, in fact, play a role in supervising plaintiffs' work").

Therefore, this Court finds that the Complaint alleges sufficient facts to establish individual liability only as to Defendant Lam, but not as to Defendant Beer. *See Coley v. Vannguard Urban Improvement Ass'n*, No. 12-CV-5565 (PKC) (RER), 2018 U.S. Dist. LEXIS 54609, at *12-13 (E.D.N.Y. Mar. 29, 2018) ("NYLL and FLSA definitions are nearly identical, and, as a result, [d]istrict courts in this Circuit have interpreted the definition of employer under the [NYLL] coextensively with the definition used by the FLSA"). Accordingly, this Court recommends finding that Defendant Lam be held individually liable as an employer under the FLSA and the NYLL. This Court further recommends that the claims against Defendant Beers be dismissed.

### 2. Interstate Commerce

The Complaint plausibly alleges that Defendants were engaged in interstate commerce or in the production of goods for commerce that had gross annual sales of at least $500,000.00 per year during the relevant period. Compl. ¶ 11. It is reasonable for this Court to infer that a Japanese restaurant of this size, which employs twenty (20) employees, would have had materials supplied through interstate commerce. *Id.* ¶ 10. *See Zhi Fan Li v. Leung*, 2016 U.S. Dist. LEXIS 76817, at *18-20 (E.D.N.Y. June 10, 2016) ("Similarly, here, it is reasonable to infer that the myriad of goods necessary to operate a Japanese restaurant with an eat-in dining area and over $500,000.00 in annual sales [] . . . [requires] at least some of these materials moved or were produced in interstate commerce.") (internal citations omitted). I accordingly find that Defendants engaged in interstate commerce.

### 3. Failure to Pay Overtime Wages

A plaintiff can establish an overtime violation pursuant to the FLSA if he has worked more than forty (40) hours per work week, and did not receive compensation for the hours worked in

excess of forty hours at a rate not less than one and one-half times the regular rate. 29 U.S.C. § 207(a)(1). In light of Defendant's default in this matter, the Court relies on Plaintiff's recollection in calculating the amount of hours worked as set forth in Plaintiff's Complaint and affirmation. *See Perez v. Yang Cleaners*, 2016 WL 1337310 (E.D.N.Y. Apr. 5, 2016) ("When a defendant defaults in an action brought under the FLSA, the plaintiff's recollection and estimates of hours worked are presumed to be correct.").

Plaintiff asserts that from January 1, 2013 to August 3, 2014 and from April 1, 2016 to December 2017, he worked fifty-eight (58) hours per week and received $650.00 per week. Pl.'s Aff. ¶¶ 2-6. Then, from January 2018 to April 2018 he worked fifty-eight (58) hours per week and received $700 per week. *Id*. From April 1, 2018 to November 11, 2018, Plaintiff worked 50.5 hours per week and earned $700.00 per week. *Id*. Plaintiff declares that he was "never paid any overtime premiums." *Id*. Based on these factual allegations, I find that Plaintiff has established a violation of the FLSA's overtime wage provisions. *See Rodriguez v. Almighty Cleaning, Inc.*, 784 F. Supp. 2d 114, 122 (E.D.N.Y. 2011) ("Because the Complaint alleges that Plaintiffs worked more than 40 hours a week and were not paid time-and-a-half for their overtime hours, Plaintiffs have sufficiently pleaded a violation of 29 U.S.C. § 207."). Moreover, I find that the foregoing facts also establish violations under the NYLL. *See Jemine v. Dennis*, 901 F. Supp. 2d 365, 375 (E.D.N.Y. 2012) ("Applying the same reasoning used in the FLSA analysis to the state claims, this Court finds that the undisputed allegations in the complaint and default submissions are sufficient to impose liability on defendants under the NYLL overtime . . . provision[]."). Therefore, I recommend that Defendants Nisen Sushi and Tom Lam be held jointly and severally liable for violations of the Federal and State overtime wage laws.

### B.  Liability for Spread of Hours Violation

I also recommend that the Defendants Nisen Sushi and Tom Lam be held liable for violating the spread of hours provisions of the NYLL. The NYLL provides that an employee is entitled to recover compensation for an extra hour of work at the minimum wage for each day that the employee works in excess of ten hours. *See* N.Y. C.C.R.R. § 146-1.6; *Guardado v. 13 Wall St., Inc.*, 2016 U.S. Dist. LEXIS 167887, at *24 (internal citation omitted). The 2011 amendments to the NYLL extended the spread of hours protections to "all employees in restaurants ... regardless of a given employee's regular rate of pay." *Id*. (internal quotations omitted). Throughout his employment, Plaintiff alleges and affirms that he was never paid the extra-hour wage for shifts spanning over ten (10) hours per day. Pl.'s Aff. ¶ 11; Compl. ¶¶ 35-36. Based on the facts alleged, I find that Defendants violated the spread of hours provision under the NYLL. Accordingly, I recommend that Defendants Nisen Sushi and Tom Lam be held jointly liable for the violation of NYLL's spread of hours provision.

### C.  Wage Theft Prevention Act Claims

It is well-settled that "a failure to furnish a written notice or a wage statement is a violation of the NYLL." *Garcia v. Ditmars Square, Inc.*, No. 16-CV-166 (NGG) (ST), 2017 U.S. Dist. LEXIS 36433, at *22-23 (E.D.N.Y. Mar. 10, 2017) (internal citations omitted); *see* N.Y. Lab. Law §§ 195(1), 195(3).

#### *1.*  **Wage Notice Claim (NYLL §195(1))**

In 2011, the Wage Theft Prevention Act ("WTPA") amended NYLL §195(1) to require employers to provide a written notice to employees containing specific categories of information regarding the employee's wages "at the time of hiring, and on or before February first of each subsequent year of the employee's employment with the employer." *See* N.Y. Lab. Law § 195(1); *Elvey v. Silver's Crust W. Indian Rest. & Grill, Inc*., 2019 U.S. Dist. LEXIS 112908, at

14

*29 (E.D.N.Y. July 3, 2019). The 2011 amendment also provides employees a private right of action. *Id.*; N.Y. Lab. Law § 198(1-b) ("[i]f any employee is not provided within ten business days of his or her first day of employment a notice as required by [NYLL § 195(1)], he or she may recover" damages and attorney's fees and costs in a civil action). In 2015, the annual notice requirement was removed from the statute, and employers were only required to provide wage notice at the "time of hiring." *Id.*

Accordingly, here, Defendants were required to provide a written wage notice per NYLL §195(1) at the time of Plaintiff's first hire in 2013, and an annual notice on or before February first of 2014. *Elvey v. Silver's Crust W. Indian Rest. & Grill, Inc.*, 2019 U.S. Dist. LEXIS 112908, at *29-30. Plaintiff asserts that Defendants failed to "provide [him] with a correct written wage notice when [he] was hired." Pl.'s Aff. at 8; Compl. ¶ 28. Taking these allegations as true, I recommend holding Defendants Nisen Sushi and Tom Lam jointly liable for a violation of NYLL §195(1).

### 2. Wage Statement Claim (NYLL §195(3))

Plaintiff further alleges that Defendants failed to provide accurate wage statements as required under NYLL §195(3). Defendants were required to provide an accurate wage statement containing: "the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages. . . . [T]he statement shall include the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked." N.Y. Lab. Law § 195(3). Plaintiff alleges and affirms that the Defendants "did not furnish [him] with a paystub with an accurate payment of wages." Pl.'s Aff. at 9; *see* Compl. ¶¶ 33-34. Taking the allegation as true, I

find that the Complaint establishes liability against Defendants Nisen Sushi and Tom Lam for wage statement violation pursuant to NYLL §195(3).

Accordingly, I respectfully recommend that the Court find Defendants Nisen Sushi and Tom Lam liable for violations of NYLL §§ 195(1) and 195(3).

## II.   Damages

Having determined the Defendants' liability, "[t]he court must also determine the amount of damages, actual or statutory, that may be assessed." *Lyons P'ship, L.P. v. D & L Amusement & Entm't, Inc.*, 702 F. Supp. 2d 104, 111 (E.D.N.Y. 2010). Here, Plaintiff seeks compensatory damages, liquidated damages, pre- and post-judgment interest, reasonable attorneys' fees and costs. *See* Compl. at 14 (Prayer for Relief).

### A.   Damages for Overtime Wages

The FLSA provides that overtime pay should be calculated based on the employee's regular rate of pay or the minimum wage, whichever is greater, and multiplying the regular rate by one and one-half times. *See* 29 U.S.C. § 207; 29 C.F.R. § 778.107. New York law also requires that employees be compensated at "one and one-half times the employee's regular rate of pay." 12 N.Y. C.C.R.R. § 142-2.2. Under New York regulations, the "regular rate of pay" for employees in the hospitality industry, which includes restaurant employees, is calculated by "dividing the employee's total weekly earnings, not including exclusions from the regular rate, by the lesser of 40 hours or the actual number of hours worked by that employee during the work week." N.Y. C.C.R.R. 146-3.5; *see Lopez v. Royal Thai Plus, LLC*, No. 16-CV-4028-NGG-SJB, 2018 U.S. Dist. LEXIS 20271, at *19 (E.D.N.Y. Feb. 6, 2018). Courts in this District have calculated Plaintiff's regular hourly rate of pay based on the method in N.Y. C.C.R.R. 146-3.1, by dividing Plaintiff's weekly earnings by 40 hours (the lesser of 40 hours and the actual number

of hours worked by Plaintiff which exceeds 50 hours per week). *See, e.g.*, *Piedra v. Ecua Rest., Inc.*, No. 17 CV 3316 (PKC) (CLP), 2018 U.S. Dist. LEXIS 16863, at *31-32 (E.D.N.Y. Jan. 31, 2018) (calculating regular hourly rate for overtime damages pursuant to the method set forth under N.Y. C.C.R.R. 146-3.1, by dividing the plaintiff's weekly earnings during each period by 40 hours).[2] Accordingly, Plaintiff's regular rate of pay is calculated as below:

> January 1, 2013-August 3, 2014: $650 / 40 hours = $16.25 / hour
> April 1, 2016 — December 2017: $650 / 40 hours = $16.25 / hour
> January 1, 2018 — April 2018[3]: $700 / 40 hours = $17.50 / hour
> April 2018 — November 11, 2018: $700 / 40 hours = $17.50 / hour

Using the time periods and regular rates of pay set forth above, I calculate the Plaintiff's unpaid overtime wages as follows:

| Period | Hourly Regular Rate of Pay | I. Overtime Wage Rate (Regular Rate * 150%) | II. Hours of Overtime Per Week (Total Time Worked per Week minus 40) | III. Number of Weeks in each period | Overtime Owed for the Period (I * II * III) |
|---|---|---|---|---|---|
| January 2013-August 3, 2014; | $16.25 / hour | $24.38 / hour | 18 hours | 82.86 weeks | $36,362.28 |
| April 1, 2016 — December 31, 2017 | $16.25 / hour | $24.38 / hour | 18 hours | 91.43 weeks | $40,123.14 |

---

[2]     I note that, under the FLSA, the regular rate of hourly pay is calculated by dividing an employee's paid wages by the <u>number of hours worked</u> per workweek. 29 C.F.R. § 778.109. *See Galicia v. 63-68 Diner Corp.*, No. 13-cv-03689 (PKC), 2015 U.S. Dist. LEXIS 40599, at *15-16 n.8 (E.D.N.Y. Mar. 30, 2015) (noting the difference between FLSA and NYLL calculation methods). However, following the examples of other courts in this district, I will calculate the regular rate of hourly pay under the NYLL approach (i.e., the lesser of 40 hours and the actual number of hours worked by Plaintiff which exceeds 50 hours per week) as it would allow plaintiff to recover a greater amount of relief compared FLSA damages. *See Piedra v. Ecua Rest., Inc.*, 2018 U.S. Dist. LEXIS 16863, at *31-32; *see also Lopez v. Royal Thai Plus, LLC*, 2018 U.S. Dist. LEXIS 20271, at *25 ("If a plaintiff is entitled to damages under both federal and state wage law, the Court has discretion to award [that plaintiff] damages under the statute providing the greatest amount of relief.")

[3]     The Complaint does not specify the date from which the Plaintiff's rate changed in April 2018. The Court will construe that Plaintiff worked on a certain rate until March 31, 2018, and that a new wage rate went into effect from April 1, 2018.

| January 1, 2018 — March 31, 2018; | $17.5 / hour | $26.25 / hour | 18 hours | 12.86 weeks | $6,076.35 |
| April 1, 2018 — November 11, 2018 | $17.5 / hour | $26.25 / hour | 10.5 hours | 32.14 weeks | $8,858.59 |
| **Total Overtime Owed: $91,420.36** | | | | | |

Based on the foregoing calculations, I recommend awarding Plaintiff damages for unpaid overtime wage claims in the amount of $91,420.36.

### B. Damages for Spread of Hours

Under the NYLL, spread of hours pay is calculated at the applicable minimum wage "regardless of a given employee's regular rate of pay." *Id.* § 146-1.6(d); *Piedra v. Ecua Rest., Inc.*, 2018 U.S. Dist. LEXIS 16863, at *35-36. Plaintiff alleges that from January 1, 2013 to on or around August 3, 2014, and then from on or around April 1, 2016 to in or around April 2018, Plaintiff worked six days per week, and on four[4] out of those six days he worked more than ten hours per day. *See* Compl. ¶ 29. Then from April 2018 to November 11, 2018, Plaintiff worked five days per week, and on four out of those five days he worked more than ten hours per day. *Id.* at ¶ 30. I provide the calculation of the spread of hours damages in the following table:

---

[4]      In the Plaintiff's spread of hour damages calculation, he appears to count all 6 days in a weekly period for which he is owed spread of hour damages. This is inaccurate, as he did not work over 10 hours shifts on weekends. Hence, the number of days for which he is owed spread of hour damages is 4 days per week.

| Period | I. Applicable Min. Wage | II. No. of days /week in which Yu worked 10 + hours | III. No. of weeks in period | Total Spread of Hours Owed (I * II * III) |
|---|---|---|---|---|
| January 1, 2013 (beginning of Plaintiff's employment) — December 30, 2013 (end of minimum wage rate for year 2013) | $7.25 (29 U.S.C. §206) | 4 | 51.85 | $1503.65 |
| December 31, 2013 (beginning of new minimum wage rate) — August 3, 2014 (end of Plaintiff's employment); | $8.00 (NYLL §652) | 4 | 30.71 | $982.72 |
| April 1, 2016 (re-start of Plaintiff's employment) — December 30, 2016 (end of applicable minimum wage rate for year 2016) | $9.00 (NYLL §652) | 4 | 39 | $1404.00 |
| December 31, 2016 (beginning of new minimum wage rate period) — December 30, 2017 (end of applicable minimum wage rate period for year 2017) | $11.00 (NYLL §652(1)(a); 12 NYCRR §146-1.2) | 4 | 52 | $2288.00 |
| December 31, 2017 (beginning of new minimum wage rate period) — November 11, 2018 (end of Plaintiff's employment); | $13.00 (NYLL §652(1)(a); 12 NYCRR §146-1.2) | 4 | 45 | $2340.00 |
| **Total Spread of Hours Pay Owed: $8,518.37** | | | | |

Based on the foregoing calculations, I recommend awarding Plaintiff damages for unpaid spread of hour pay in the amount of $8518.37.

### C.  Liquidated Damages

Plaintiff seeks liquidated damages under the NYLL in an amount equal to 100% of the overtime and spread of hours damages. Attorney Aff. Ex. 7 at 1-3; Compl. ¶¶ 40, 46. Where the plaintiff has demonstrated a violation of the overtime, or spread-of-hours provisions, NYLL provides for liquidated damages "unless the employer proves a good faith basis to believe that its underpayment of wages was in compliance with the law." N.Y. Lab. Law § 198 (1-a); *Campos v. Quentin Mkt. Corp.*, No. 16-CV-05303, 2018 U.S. Dist. LEXIS 180972, at *14 (E.D.N.Y. Oct. 17, 2018).

Under the circumstances here, Plaintiff is entitled to recover "one hundred percent of the total amount of wages found to be due" unless "the employer proves a good faith basis for believing that its underpayment of wages was in compliance with the law." N.Y. Lab. Law § 198(1-a). Here, "by defaulting, Defendants are unable to present evidence of good faith." *See Rowe v. CC Rest. & Bakery, Inc.*, 2019 U.S. Dist. LEXIS 139301, at *23-25; *Santillan v. Henao*, 822 F. Supp. 2d 284, 297 (E.D.N.Y. 2011) ("Many courts have found that a defendant's default, in itself, may suffice to support a finding of willfulness" for purposes of granting liquidated damages). Therefore, I recommend that this Court award Plaintiff 100% of the overtime and spread of hours damages, which equals $99,938.73, as liquidated damages pursuant to the NYLL.

### D.  Damages for Wage Notice and Wage Statement violations

Where, as here, Plaintiffs have sufficiently alleged that they have not received the required written wage notice or wage statement, and Defendants have defaulted, this Court has

awarded damages. *See, e.g., Garcia v. Ditmars Square, Inc.*, 2017 U.S. Dist. LEXIS 36433, at

*28. Plaintiff seeks $5,000 for the Wage Notice Violation under N.Y. Lab. Law § 195(1) and

$5,000 for Wage Statement Violation under N.Y. Lab. Law § 195(3).

Violations of NYLL § 195(1) that occurred between April 9, 2011 and February, 26,

2011 carried damages of $50 per workweek, for a maximum of $2,500. N.Y. Lab. L. § 198(1-b);

*See Rowe v. CC Rest. & Bakery, Inc.*, No. 17-CV-01423 (CBA)(PK), 2019 U.S. Dist. LEXIS

139301, at *22 (E.D.N.Y. Aug. 15, 2019).[5] Here, because the alleged wage notice violation

occurred in 2013 (time of hire) and 2014, the maximum damages for violating NYLL §195(1)

would be $2,500.

Next, for violations of NYLL § 195(3), employees are entitled to recover $250 for each

work day that the violation occurred not to exceed $5,000, as of February 27, 2015. *See* N.Y.

Lab. Law § 198(1-d). Unlike the wage notice violations under NYLL § 195(1), under NYLL §

195(3) employees may recover damages for wage statement violations occurring after its

effective date, regardless of when their employment commenced. *See Elvey v. Silver's Crust W.

Indian Rest. & Grill, Inc.*, 2019 U.S. Dist. LEXIS 112908, at *33-35 (citing *Gamero v. Koodo

Sushi Corp.*, 272 F. Supp. 3d 481, 510-11 (S.D.N.Y. 2017)). Here, because Plaintiff's complaint

sufficiently shows that he worked "without a wage statement for more than 20 days after

---

[5]     I note that after the NYLL amendments were in effect in February 27, 2015, violations of Section 195(1) have carried a maximum damage of $5,000. *See id*. However, the same 2015 NYLL amendment deleted the annual notice requirement. Hence, after 2015, Defendants are only liable for "time of hire" wage notice and are not required to provide ongoing annual notice. Therefore, here, Plaintiff's damages are based on Defendant's failure to provide "time of hire" notice due in 2013 and the annual notice due in 2014, and thus, the maximum statutory damages would be $2500. *See Elvey v. Silver's Crust W. Indian Rest. & Grill, Inc.*, 2019 U.S. Dist. LEXIS 112908, at *33 (citing *Lin v. Benihana N.Y. Corp.*, No. 10-CV-1335 (RA) (JCF), 2012 U.S. Dist. LEXIS 186526, 2012 WL 7620734, at *2 (S.D.N.Y. Oct. 23, 2012) ("The plain language of the statute . . . confers a private right of action upon those who do not receive their notice at the time of hiring, but not upon those who do not receive it on or before February first of any subsequent year.").

February 27, 2015 (when the amendment to Section 195(3) came into effect), he is entitled to recover the maximum statutory damages of $5,000" under Section 195(3). *Rowe v. CC Rest. & Bakery, Inc.*, 2019 U.S. Dist. LEXIS 139301, at *23. Therefore, this Court recommends that Defendants be held liable for damages in the amount of $5,000 for violation of the NYLL §195(3). In total, this Court recommends that Plaintiff be awarded $7,500 for Defendants' violations of NYLL § 195(1) and NYLL § 195(3).

### E.  Pre-judgment Interest

Finally, plaintiff seeks to recover prejudgment interest on the compensatory damages awarded under the NYLL, calculated at a rate of 9% per year pursuant to New York law. *See* Attorney Aff. Ex. 7 at 3; *see also* N.Y. C.P.L.R. § 5004. The Second Circuit has held that, because liquidated damages and prejudgment interest are not functional equivalents under the NYLL, prevailing plaintiffs may recover both for claims brought under the NYLL. *Reilly v. Natwest Mkts. Grp. Inc.*, 181 F.3d 253, 265 (2d Cir. 1999). Courts have discretion in determining a reasonable date from which to award pre-judgment interest, such as the a midway point between when the plaintiff began and ended work if damages were incurred at various times. *See Santillan v. Henao*, 822 F. Supp. 2d 284, 298 (E.D.N.Y. 2011); *Piedra v. Ecua Rest., Inc.*, No. 17 CV 3316 (PKC) (CLP), 2018 U.S. Dist. LEXIS 16863, at *43-45 (E.D.N.Y. Jan. 31, 2018) (same).

Plaintiff appears to propose an intermediate date of April 1, 2016 from which to compute pre-judgment interest. *See* Attorney Aff., Ex. 7, at 3 ("Calculations of Damages"), ECF No. 17-3; *see also* Attorney Aff. ¶ 25. Here, since violations of NYLL occurred over an extended period

between January 1, 2014 through November 2018 with intermittent periods of non-employment in between, this Court deems April 1, 2016 to be a reasonable mid-point.[6]

The total damages owed to plaintiff for overtime and spread of hour wages is $99938.73. To calculate the per diem interest rate, the Court multiplies the statutory rate of 9% per annum by the total damages award, (.09/365) x $99,938.71, which yields a per diem rate of $24.64. Since (1443) days have passed between the date selected for the calculation of prejudgment interest, April 1, 2016, and the date of this Report and Recommendation, Plaintiff is owed $35,559.01 in prejudgment interest as of this date.[7]

### F. Attorneys' Fees and Costs

Plaintiff requests that the Court award him attorneys' fees and costs. Compl. at 14. The FLSA and the NYLL both provide for this recovery in the event of successful wage protection claims. *See* 29 U.S.C. § 216(b); N.Y. Lab. L. § 198(4); N.Y. Lab. L. § 663(4). Plaintiff's counsel has submitted contemporaneous billing records setting forth the dates and amount of time during which services were rendered, the hourly rate at which the services were charged, along with the name of the attorney performing the work and a description of the services rendered. Attorney Aff. Ex. 8 ("Professional Fees Invoice"). Plaintiff also requests reimbursement for costs expenses incurred in connection with the instant action, supported by records containing work tickets for service of process fees. Attorney Aff. Ex. 9 ("Monthly Charge Statement"), ECF 17-9.

---

[6]      The strict midpoint between the Plaintiff's first and last date of employment with Defendants would be December 7, 2015. However, considering that there was a 20-month gap in Plaintiff's employment with Defendants between August 3, 2014 and April 1, 2016, the Court deems it reasonable to accept Plaintiff's proposed intermediate date of April 1, 2016.

[7]      The per diem rate of $24.64 would apply for the number of days between this Report and the date of the District Judge's final judgment.

### *1.* **Attorney's Fees**

To calculate reasonable attorneys' fees, Courts use the "lodestar"="" method, multiplying the number of hours reasonably spent by counsel on the matter by a reasonable hourly rate. *See, e.g., Perdue v. Kenny A.*, 559 U.S. 542, 546, 551-52 (2010); *Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011). The courts in this district set forth the following factors to consider in determining a reasonable hourly rate:

> *1) the time and labor required; 2) the novelty and difficulty of the questions; 3) the level of skill required to perform the legal service properly; 4) the preclusion of employment by the attorney due to acceptance of the case; 5) the attorney's customary hourly rate; 6) whether the fee is fixed or contingent; 7) the time limitations imposed by the client or the circumstances; 8) the amount involved in the case and the results obtained; 9) the experience, reputation, and ability of the attorneys; 10) the "undesirability" of the case; 11) the nature and length of the professional relationship with the client; and 12) awards in similar cases[.]*

*See Scarola Reavis & Parent LLP v. Diggs,* No. CV-04-1370 (RJD)(SMG), 2007 U.S. Dist. LEXIS 5128, at \*5 (E.D.N.Y. Jan. 5, 2007), *adopted by*, *Scarola Reavis & Parent LLP v. Diggs*, 2007 U.S. Dist. LEXIS 4945 (E.D.N.Y., Jan. 23, 2007). Here, Plaintiff was represented by the law firm of Hang & Associates, PLLC (the "Law Firm"). Plaintiff seeks an hourly rate of $350.00 for the work of Jian Hang, Esq., Principal Attorney in the Firm, with 15 years of practice. Attorney Aff. ¶¶ 31-35. I find this rate to be reasonable and consistent with his experience in this district. *Piedra v. Ecua Rest., Inc.*, 2018 U.S. Dist. LEXIS 16863, at \*49 ("the Court finds that a reasonable rate for Mr. Hang's work is $350.00 per hour.").

Plaintiff also seeks an hourly rate of $250.00 for the work of an associate attorney Ken Maeng at the Law Firm. The Attorney Affirmation informs this Court that Mr. Maeng is an attorney who has been admitted to this District since 2018. Attorney Aff. ¶ 36. Much of the work by Mr. Maeng on this case was performed in late 2018 and 2019. *See* Attorney Aff. Ex. 8 (Invoice). In this district, hourly rates of $100.00-$200.00 has been deemed reasonable for junior

level attorneys. *Cortes v. Warb Corp.*, No. 14 CV 7562, 2016 U.S. Dist. LEXIS 34243, 2016 WL

1266596, at \*6 (E.D.N.Y. Mar. 15, 2016), *adopted by*, 2016 U.S. Dist. LEXIS 42296, 2016 WL

1258484 (E.D.N.Y. Mar. 30, 2016). Given that this work involved a simple matter of default,

and considering Mr. Maeng's level of experience, this Court finds $125.00 to be an appropriate

hourly rate for Mr. Maeng. *Piedra v. Ecua Rest., Inc.*, 2018 U.S. Dist. LEXIS 16863, at \*49 ("In

awarding attorney's fees, the Court is guided by the fact that default actions are relatively simple

legal matters, but also considers each attorney's degree of skill and the Court's own experience

dealing with similar claims.").

Also, another attorney by the name of Xiaoxi Liu at the Firm has billed time at a rate of

$250.00. In the past, where no information has been provided to support the rate of an associate,

this Court has reduced the associate rate to $100.00 per hour, which is appropriate here. *Xi Qun*

*Xu v. JNP Bus Serv.*, No. 16-CV-245 (AMD) (ST), 2018 U.S. Dist. LEXIS 54238, at \*25

(E.D.N.Y. Feb. 26, 2018) (reducing the hourly rate of associate attorneys to $100.00 per hour

where no information had been provided to support the hourly rates).

This Court next determines the reasonableness of the number of hours expended by

counsel based on the review of the fee application, and excludes "excessive, redundant or

otherwise unnecessary hours." *See, e.g., Bliven v. Hunt*, 579 F.3d 204, 213 (2d Cir. 2009).

Having thoroughly reviewed the billing records, this court recommends reducing fees

billed by Attorney Xiaoxi Liu for the following tasks:

> *12/17/2018 (1 hour) "draft civil cover page and proposed summons; file the same on ECF"*
> *02/08/2019 (1 hour) "review case docket; print out summons and complaints; draft letter of service; mail the package"*
> *02/26/2019 (0.20 hour) "mark calendar for court scheduling order."*

*See* Attorney Aff. Ex. 8. The total fees billed for the above tasks amounts to $550. It would be appropriate to reduce fees for these tasks which are predominantly administrative and clerical in nature. See *Piedra v. Ecua Rest., Inc.*, 2018 U.S. Dist. LEXIS 16863, at *52 (reducing the fees billed for "administrative tasks" such as "printing and filing papers with the Court.").

Therefore, I recommend granting attorneys' fees in the total amount of $4,910.00 as calculated below:

> Hang: 5.90 hours x $350 = $2,065.00
> Maeng: 17.40 hours x $125 = $2,175.00
> Liu: (8.90 hours - 2.2 hours) x $100 = $670
> _____
> **Total: $4,910.00**

## 2. Costs

Plaintiff seeks $690.00 in costs, including the filing fee in this district of $400.00 and the service of process fees of $290.00 associated with the filing and service of the complaint in this case. See Pl.'s Mem. of L. at 6, ECF No. 16. As court filing fees and service of process fees are routinely recoverable, and Plaintiffs have accounted for their costs, I respectfully recommend that Plaintiff be awarded $690.00 in costs and disbursements. *See* Attorney Aff. Ex. 8 & Ex. 9; *See Zurita v. High Definition Fitness Ctr., Inc.*, 2016 U.S. Dist. LEXIS 76074, 2016 WL 3619527, at *11 (E.D.N.Y. June 9, 2016), *adopted by*, 2016 U.S. Dist. LEXIS 84574, 2016 WL 3636020 (E.D.N.Y. June 29, 2016).

### G. Post- Judgment Interest

Plaintiff also seeks post-judgment interest. Compl. ¶ 3; Attorney Aff. ¶ 2. Pursuant to 28 U.S.C. § 1961, I find that Plaintiff is entitled to post-judgment interest, to be calculated from the date the Clerk of Court enters judgment in this action until the date of payment. *Rowe v. CC Rest. & Bakery, Inc.*, No. 17-CV-01423 (CBA)(PK), 2019 U.S. Dist. LEXIS 139301, at *26

(E.D.N.Y. Aug. 15, 2019); *Fermin v. Las Delicias Peruanas Rest., Inc.*, 93 F. Supp. 3d 19, 24 (E.D.N.Y. 2015).

## CONCLUSION

For the foregoing reasons, I respectfully recommend that this Court issue an order granting Plaintiff's motion for default judgment and holding Defendants Nisen Sushi and Tom Lam jointly and severally liable for a judgment in the total amount of $248,536.47:

(i)      $91,420.36 in Unpaid Overtime Wages,

(ii)     $8,518.37 in Spread of Hours pay,

(iii)    $99,938.73 in Liquidated Damages,

(iv)     $35,559.01 in pre-judgment interest,

(v)      $7,500.00 in statutory damages (WTPA); and

(vi)     $4,910.00 in attorneys' fees and $690 in costs.

I further recommend that claims against Defendant Beer be dismissed.

Plaintiff's counsel is directed to serve copies of this Report and Recommendation upon Defendants at their respective last known address and to file proof of service with the Court within three (3) days of the date of filing of this Report and Recommendation.

## OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. *See Marcella v. Capital Dist. Physicians' Health Plan, Inc.*, 293 F.3d 42, 46 (2d Cir. 2002); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

**SO ORDERED.**

                                    _____/s/_____
                                    Steven L. Tiscione
                                    United States Magistrate Judge
                                    Eastern District of New York

Dated: Brooklyn, New York
       March 14, 20