UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

YU PENG LU,

                      Plaintiff,        **REPORT AND RECOMMENDATION**

   v.                                       18-CV-7177 (RJD) (ST)

NISEN SUSHI OF COMMACK, LLC, d/b/a
NISEN SUSHI; TOM LAM, individually; and
ROBERT BEER, individually.

                      Defendants.
-----------------------------------------------------------X
**TISCIONE, United States Magistrate Judge:**

       Plaintiff Yu Peng Lu ("Plaintiff") commenced this action against Nisen Sushi of Commack, LLC, doing business as Nisen Sushi ("Nisen Sushi"), Tom Lam ("Lam"), individually, and Robert Beer ("Beer"), individually, on December 17, 2018, alleging violations pursuant to the Fair Labor Standards Act ("FLSA") 29 U.S.C. §§201 *et seq*. and the New York Labor Law ("NYLL") §§190 *et seq*. Due to Defendants' failure to participate in this action or otherwise respond to the Complaint, Plaintiff moved for a default judgment, which was granted as to Defendants Nisen Sushi and Lam, and the case was dismissed as to Defendant Beer. Now before this court is Defendants Nissen Sushi and Lam (collectively, "Defendants"), motion to set aside and vacate the default judgment.

       The Honorable Raymond Judge Dearie referred Defendants' Motion to the undersigned to issue a Report and Recommendation. For the reasons discussed below, I respectfully recommend that Defendants' Motion be granted.

    **I.**    **BACKGROUND**

       Plaintiff, an individual residing in Queens, was employed by Defendants. Compl. ¶¶ 7-8.

Defendant Nisen Sushi is a New York corporation operating a Japanese sushi restaurant at 5032 Jericho Turnpike, Commack, NY 11725. Compl. ¶ 9. Defendant Lam is a member of Nisen Sushi.

On December 17, 2018, Plaintiff filed his initial Complaint alleging FLSA violations including, among other things, lack of overtime compensation, and failure to comply with employment notice and paystub requirements. *See generally* Compl., DE 1. Eventually, on July 16, 2019, Plaintiff moved for a default judgment. DE 15.

On March 14, 2020, the undersigned issued a Report and Recommendation that recommended Plaintiff's Motion for Default Judgment be granted as to Nisen Sushi and Lam and that this case be dismissed as to Beer. *See* R & R, DE 22. Defendants filed no objections, and on March 31, 2020, Judge Dearie adopted the Report and Recommendation. *See* Electronic Order, Mar. 31, 2020.

On December 3, 2020, Defendants filed their first motion seeking to set aside the Clerk's entry of default and to vacate the default judgment. *See* Not. Mot. DE 28. The Court deferred ruling on the motion pending a hearing. *See* Electronic Order, Dec. 8, 2020. Following several conferences, this Court held evidentiary hearings on August 10, 2021, and September 13, 2021, to resolve the dispute concerning proper service. The parties submitted the post hearing briefs by November 2021.

**II.    LEGAL STANDARD**

Defendants bring their Motion pursuant to Rules 55(c) and 60(b). *See* Mot. However, "[b]ecause there was a final judgment entered, the Court must consider the motion under Rule 60, not Rule 55." *See* Fed. R. Civ. P. 60(b) (providing the reasons a "court may relieve a party ... from a final judgment, order, or proceeding"); *see also* Fed. R. Civ. P. 55(c) (The court may set aside

2

entry of default for good cause, and it may set aside a final default judgment under Rule 60(b)). The Court must apply the same factors in in the context of a Rule 60(b) motion to set aside a default judgment, "although they are applied more rigorously, and the district court must resolve any doubts in the defaulting party's favor." *Gil v. Frantzis*, 17-CV-1520-ARR-SJB, 2019 WL 5694074 (E.D.N.Y. Aug. 22, 2019), *adopted by* 2019 WL 4784674 (E.D.N.Y. Oct. 1, 2019); quoting *Peterson v. Syracuse Police Dep't*, 467 F. App'x 31, 33 (2d Cir. 2012) (citing *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993)).

> Per Rule 60(b), a court may vacate a final judgment for any of the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "[C]ourts apply the factors more rigorously in the case of a default judgment, because the concepts of finality and litigation repose are more deeply implicated in the latter action." *Enron Oil Corp.*, 10 F.3d at 96 (citations omitted). "[E]vidence in support of the motion to vacate a final judgment [must] be highly convincing." *Kotlicky v. United States Fidelity Guar. Co.*, 817 F.2d 6, 9 (2d Cir.1987); *see also Raposo v. U.S.*, No. 01 Civ. 5870(DAB), 98 CR. 185(DAB), 2005 WL 292750 at 2 (S.D.N.Y.2005). A motion to vacate under Rule 60(b) is "addressed to the sound discretion of the district court and [is] generally granted only upon a showing of exceptional circumstances." *Mendell, on Behalf of Viacom, Inc. V. Gollust*, 909 F.2d 724, 731 (2d Cir.1990); *N.Y. v. Green*, 420 F.3d 99, 104 (2d Cir. 2005) (internal quotation marks omitted).

### III. DISCUSSION

#### A. Defendants' Motion to Vacate was Filed Timely

As a preliminary matter, the Court will assess the timeliness of Defendants' Motion. A motion brought pursuant to Rule 60(b) "must be made within a reasonable time." Fed. R. Civ. P. 60(c)(1). Further, a motion under 60(b)(1), 60(b)(2), or 60(b)(3) may be brought "no more than a year after the entry of the judgment or order or the date of the proceeding." *Id.* Although one year from the entry of judgment is the outer limit for making a motion under Rule 60(b)(1), a court is not precluded from finding that a motion filed within that period nevertheless was not made "within a reasonable time." *See* Fed. R. Civ. P. 60(c)(1).

Here, in March 2020, Plaintiff's Motion for Default Judgment was granted as to Nisen Sushi and Lam. *See* R. & R, DE 22; *See* Electronic Order, Mar. 31, 2020. Approximately eight months later, on December 3, 2020, Defendants first moved to set aside the Clerk's entry of default and vacate the default judgment. *See* DE 28. Defendants contend that they were unaware of the default entered against them and got notice only in November 2020 when Defendant Lam's bank account froze, and the checks bounced. *See* Defs'. Mot., Mem of Law at 18, DE 59. To resolve the service dispute, this Court held an evidentiary hearing on August 10, 2021, which was continued on September 13, 2021.

Upon reviewing the parties' submissions and the evidentiary hearing transcripts, and in light of Defendants' explanation for their delay, the Court will consider Defendants' motion as timely since it was filed less than a year following the default judgment. *See e.g., Kotlicky*, 817 F.2d at (noting that the vacatur motion was timely because the defendant presented good cause for the delay); *Assets Recovery Center Investments, LLC v. Smith*, 13-CV-253 (CBA) (CLP), 2017

WL 10088188 at 3 (E.D.N.Y. Aug. 18, 2017) (noting that the vacatur motion was timely because it was filed within a year of the judgment).

Thus, this Court respectfully recommends that Defendants' Motion to Vacate be considered timely.

### B. Defendant Lam is Entitled to Vacatur Under Rule 60(b)(1) and (4) and Defendant Nisen Sushi is Entitled to Vacatur Under Rule 60(b)(1)

Defendants move to vacate the default judgment on the grounds that: (1) the judgment is based on mistake, inadvertence, surprise, or excusable neglect because the judgment includes damages for the time period where Plaintiff was not employed by Defendants (Fed. R. Civ. P. 60(b)(1); (2) the judgment is based upon fraud because the judgment includes damages for the time period where Plaintiff fraudulently misrepresented his dates of employment with Defendants (Fed. R. Civ. P. 60(b)(3); (3) the judgment is void because this Court lacked jurisdiction over the parties (Fed. R. Civ. P. 60(b)(4)); and (4) there is good cause to set aside the entry of default (Fed. R. Civ. P. 55(c)).  However, "[b]ecause there was a final judgment entered, the Court must consider the motion under Rule 60, not Rule 55."  *Gil*, 2019 WL 5694074 (E.D.N.Y. Aug. 22, 2019), *adopted by* 2019 WL 4784674 (E.D.N.Y. Oct. 1, 2019); *see also* Fed. R. Civ. P. 55(c).

Since Defendants' primary argument is that service was improper, the Court first considers whether the judgment was void pursuant to Rule 60(b)(4), before turning to the prudential factors to vacate under Rule 60(b)(1) and (3).  *See e.g., Weingeist v. Tropix Media & Entertainment*, 20 Civ. 275 (ER), 2022 WL 970589 at 4 (S.D.N.Y. Mar. 30, 2022); *see also Vega v. Trinity Realty Corp.*, No. 14 Civ. 7417 (RJS), 2021 WL 738693, at 6–7 (S.D.N.Y. Feb. 24, 2021) (first considering whether the judgment was void, and then considering the prudential factors).

5

### 1. Rule 60(b)(4) Motion to Vacate for Lack of Jurisdiction

A default judgment is void for purposes of Rule 60(b)(4) "if it is rendered by a court that lacks jurisdiction over the parties." *City of N.Y. v. Mickalis Pawn Shop, LLC*, 645 F.3d 115, 138 (2d Cir. 2011) (citing *"R" Best Produce Corp. v. DiSapio*, 540 F.3d 115, 123 (2d Cir. 2008)). If a judgment is void, "it is a *per se* abuse of discretion for a district court to deny a movant's motion to vacate the judgment under Rule 60(b)(4)." *Burda Media, Inc. v. Viertel*, 417 F.3d 292, 298 (2d Cir. 2005). "For a federal court to exercise personal jurisdiction over a defendant, the plaintiff's service of process upon the defendant must have been procedurally proper." *Lopez v. Mohammed*, 14-CV-4443 (PKC) (MDG), 2017 WL 4277154, at 3 (E.D.N.Y. Sept. 26, 2017) (quoting *Westchase Residential Assets II, LLC v. Gupta*, No. 14-CV-1435, 2016 WL 3688437, at 2 (E.D.N.Y. July 7, 2016)) (internal quotation marks omitted).

Moreover, "[t]he burden of proof [in Rule 60(b)(4) motions] is properly placed on the party asserting" that the judgment is valid. *Weingesit*; *Triad Energy Corp. v. McNell*, 110 F.R.D. 382, 385 (S.D.N.Y. 1986). However, "on a motion to vacate a default judgment based on improper service of process where the defaulting defendant had actual notice of the original proceeding but delayed in bringing the motion, the defendant bears the burden of proof to establish that the purported service did not occur." *Burda Media*, 417 F.3d at 299. Where, as here, it is in dispute whether the defendant had actual notice before the entry of default judgment, courts have found that the burden of proof properly remains with the plaintiff. *Restoration Hardware, Inc. v. Lighting Design Wholesalers, Inc.*, No. 17 Civ. 5553 (LGS) (GWG), 2020 WL 4497160, at 4 (S.D.N.Y. Aug. 5, 2020), report and recommendation adopted, No. 17 Civ. 5553 (LGS), 2020 WL 7093592 (S.D.N.Y. Dec. 4, 2020), appeal dismissed (May 21, 2021).

Defendants argue that neither Lam nor Nisen Sushi was properly served.

### a. Service on Lam was Improper

The service upon an individual is to be made in accordance with "state law [here, New York] for serving a summons in an action […] where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Under New York law, personal service upon a natural person can be effectuated "by delivering the summons within the state to a person of suitable age and discretion at the actual place of business". N.Y. CPLR § 308 (2).

Here, on February 19, 2019, process server David Kleinberg effectuated service upon Lam at Lam's place of business located at "Nisen Sushi 5032 Jericho Turnpike Commack, NY 11725." Kleinberg supposedly delivered the documents to Sandy Lam, who allegedly identified herself as Nissen Sushi's manager and Lam's "Co-Worker/ Relative". At the evidentiary hearing on August 10, 2021, Kleinberg described "Sandy Lam" as a "female, yellow, brown, 48, five one, 115" but could not describe what Sandy Lam was wearing on the day of service. *See* Tr. at 12, Ex. 1, DE 59. In Lam's affidavit, he avers that Sandy Lam has never been a "Co-Worker/Relative" of his, and that neither was Sandy Lam ever employed by Nissen Sushi nor did he know anyone by that name. Lam Aff. ¶ 2, DE 30. Lam also testified that he himself managed Nisen Sushi. *See* Tr. at 77, Ex. 1, DE 59. Furthermore, Plaintiff also testified that Nisen Sushi had Jessie Wang and one other male manager during the relevant period, but never any female managers. *Id*. at 47. None of the witnesses knew of Sandy Lam at the evidentiary hearings, including Plaintiff. In fact, the Plaintiff testified that the only managers he was aware of were Defendant Lam and another male manager. *Id*.

Kleinberg also described another person, Jenny Lam, in the audience during the evidentiary hearings.[1] *Id*. at 16-17. While Kleinberg described "Sandy Lam" as a "female,

---

[1] Although it was never explicitly argued, the clear implication from such testimony was that Jenny Lam might have been the individual he served as "Sandy Lam."

7

yellow, brown, 48, five one, 115", he described Jenny Lam as "female, Asian, black hair, roughly 50, five three, 120". *Id*. at 12, 16-17. Jenny Lam testified at the evidentiary hearing, as the sister-in-law of Defendant Lam. *Id*. at 62. Jenny Lam testified that she worked at Nisen Sushi for a few months in 2013 but she was never a manager and she was not at Nisen Sushi on the day when Kleinberg effectuated service in 2019. *Id*. at 54-55. Jenny Lam also testified that she had not dyed her hair and is 63 years old. *Id*. at 56. At the hearing, Kleinberg did not identify Jenny Lam as "Sandy Lam." *Id*. at 16-17.

Defendants assert that Sandy Lam "is a fictitious person" and therefore service was improper. *See* Defs'. Mot., Mem of Law at 10, DE 59. Lam claims to have first found out about this lawsuit in November 2020 when his bank account got blocked, and his checks were bounced. *Id*. at 18. Further, Defendants contend that the Kleinberg's affidavit of service is defective because notary Vinetta Brewer's name is accompanied by a check mark rather than a signature, and because Vinetta Brewer's official number is not affixed to the affidavit of service. *Id.* at 11.

The court determines that Plaintiff has failed to meet his burden to show that service was proper upon Defendant Lam. *See Weingeist*, 2022 WL 970589 at 4 (if it is in dispute whether the defendant had actual notice before the entry of default judgment, courts have found that the burden of proof properly remains with the plaintiff). The process server could not recall any details about the person he allegedly served notice on aside from the basic description included on the affidavit of service. However, the "person" identified on the affidavit of service does not exist (or at minimum Plaintiff has failed to produce evidence of her existence). Plaintiff, who claims to have worked at the restaurant for several years, failed to identify "Sandy Lam" as anyone he was familiar with from working at the restaurant, and the testimony from both

8

Plaintiff and Defendant Lam established that she could not have been a "manager" as stated in the affidavit because the only managers of the restaurant were male. In short, the evidence is simply insufficient to prove that service was properly made on Defendant Lam.

Thus, the Court finds that the default judgment is void as to individual Defendant Lam because Plaintiff's service upon Lam was improper.

### b. Service on Nisen Sushi was Proper

The summons and complaint may be served on a corporation "pursuant to the law of the State" in which the District Court is located. Fed. R. Civ. P. 4(h)(1) (referring to Fed. R. Civ. P. 4(e)(1)). "Under New York law, a New York corporation ... may be served by personal delivery of process to, or leaving process with 'any person authorized by the secretary of state to receive such service.'" *Crawford v. Nails on 7th By Jenny Inc.*, No. 18 Civ. 9849 (ER), 2020 WL 564059, at 3 (S.D.N.Y. Feb. 5, 2020) (quoting N.Y. Bus. Corp. Law § 306 (b)(1)); N.Y. C.P.L.R. § 311.

Here, Plaintiff served Nisen Sushi by two methods: First, the affidavit of service by Kleinberg indicates that he effectuated service upon Nisen Sushi by delivering the documents to Sandy Lam, an allegedly fictitious person who never worked there. Since the whereabouts of Sandy Lam remain mysterious despite the evidentiary hearings, the Court determines that this service was improper.

Second, in a separate affidavit of service by process server Steven Avery dated February 14, 2019, it is evident that he delivered two copies the Summons and Complaint to the "Secretary of State Albany, New York" to effectuate service upon Nisen Sushi under N.Y. Bus. Corp. Law § 306, following which Kleinberg also mailed a copy of the Summons and Complaint to Nisen Sushi. New York permits service based on delivery of the summons and complaint to the New

York Secretary of State as an agent of the corporation. N.Y. Bus. Corp. Law § 306(b)(1) ("Service of process on such corporation shall be complete when the secretary of state is so served."); (emphasis added); *see Baker v. Latham Sparrowbush Assocs.*, 72 F.3d 246, 254-55 (2d Cir. 1995). Section 306(b)(1) provides that service is complete "when the secretary of state is so served." The Secretary of State must then promptly send a copy of the summons by certified mail to the corporation's address. N.Y. Bus. Corp. Law § 306(b)(1). Here, it appears that service on the Corporate Defendants was proper. Plaintiff has submitted facially valid affidavits of service as to Nisen Sushi, which constitutes a prima facie case of proper service. *Old Republic Ins. Co. v. Pac. Fin. Servs. of Am., Inc.*, 301 F.3d 54, 57 (2d Cir. 2002) (citing *Nyctl 1997-1 Tr. v. Nillas*, 732 N.Y.S.2d 872, 873 (N.Y. App. Div. 2001)). Defendants' contention that Plaintiff fails to submit an affidavit from the Secretary of State is without merit because based on the statutory language, the service is completed once the Secretary of State is served. Accordingly, service was complete when the process server delivered the Complaint and Summons to the Secretary of State, regardless of whether Nisen Sushi or Lam received actual notice of the lawsuit. *See Weingeist*, 2022 WL 970589 at 9-10 (holding that service was proper once Secretary of State was served and denying vacatur on Rule 60(b)(4) grounds but allowing vacatur under Rule 60(b)(1)); *see also Vega*, 2021 WL 738693, at 5 (holding that under New York law, all that is needed to exercise jurisdiction over a corporation is serving the Secretary of State with the process); *Logan v. World Luxury Cars, Inc.*, 1:15-CV-00248 (ENV)(PK), 2022 WL 2466834 at 4 (E.D.N.Y. Mar. 30, 2022) (Regardless of whether the defendants received the documents, "[t]he law is clear that delivery of the summons and complaint to the Secretary of State is sufficient to constitute service on the [c]orporate [d]efendant.")

Thus, the Court finds that the default judgment is valid as to corporate Defendant Nisen Sushi because Plaintiff's service upon it was proper.

Therefore, in conclusion, the default judgment is void as to Defendant Lam and is valid as to corporate Defendant Nisen Sushi. However, for reasons stated below, the Court finds that vacatur is nonetheless warranted under Rule 60(b)(1) as to both Defendants.

### 2. Rule 60(b)(1) Motion to Vacate for Mistake

Per Rule 60(b)(1), a court may vacate a final judgment for a mistake, inadvertence, surprise, or excusable neglect. A district court deciding whether to vacate a default judgment pursuant to Rule 60(b)(1) must consider "three principal factors: (a) whether the default was willful, (b) whether the defendant demonstrates the existence of a meritorious defense, and (c) whether, and to what extent, vacating the default will cause the nondefaulting party prejudice." *De Curtis v. Ferrandina*, 529 F. App'x 85, 86 (2d Cir. 2013) (quoting *State St. Bank & Trust Co. v. Inversiones Errazuriz Limitada,* 374 F.3d 158, 166–67 (2d Cir.2004)).

#### a. Defendants' Default Was Not Willful

Defendants claim their default was not willful because they did were not served with the process. Plaintiff argues that all Defendants were properly served.

Pursuant to Rule 60(b)(1), willfulness carries the most weight and a "default should not be set aside when it is found to be willful." *De Curtis*, 529 F. App'x at 86 (quoting *Action S.A. v. Marc Rich & Co., Inc.*, 951 F.2d 504, 507 (2d Cir. 1991)). In the context of a default, "willfulness" refers to "conduct that is more than merely negligent or careless"; rather a court may deem a default to have been willful where "the conduct of counsel or the litigant was egregious and was not satisfactorily explained." *S.E.C. v. McNulty*, 137 F.3d 732, 738 (2d Cir. 1998). Further, "a finding of bad faith is not a necessary predicate to concluding that a defendant

11

acted 'willfully.' Instead, to find that a default was willful, it is sufficient to conclude that the defendant defaulted deliberately." *Manzanares v. Your Favorite Auto Repair & Diagnostic Ctr.*, 17 CV 5001 (MKB)(RML), 2020 WL 7249249, at 1 (E.D.N.Y. July 2, 2020) (internal quotation marks, brackets, citations omitted), *adopted by* 2020 WL 6390162 (E.D.N.Y. Nov. 2, 2020).

Here, as discussed above, Lam denied receiving a copy of the Complaint and Summons both individually, and in his capacity as an agent for Nissen Sushi. Although Nisen Sushi was properly served through the Secretary of State, Lam testified that he first found out about this lawsuit in November 2020 when his bank account got blocked, and his checks were bounced and that he otherwise did not receive any documents pertaining to this lawsuit. *See* Tr. at 63, Ex. 1, DE 59; *see also* Defs'. Mot., Mem of Law at 10, DE 59. Since Lam served as Nisen Sushi's manager and member, and could have accepted service on its behalf, his denial of receipt of service shows that Defendants were not willful in their default. *Weingeist*; *Crawford*, 2020 WL 564059, at 3 (citing *Old Republic*, 301 F.3d at 57). Further, there is nothing on the record to indicate that Defendants engaged in deliberately evasive conduct—that is, conduct that is "more than mere negligence"—which is required for a finding of willfulness. *Weingeist*, 2022 WL 970589 at 10 (citing *United States v. Manhattan Cent. Cap. Corp.*, No. 94 Civ. 5573 (WK), 2001 WL 902573, at 4 (S.D.N.Y. Aug. 09, 2001)).

Thus, Defendants were not willful in their default.

### b. Defendants Have Meritorious Defenses

A "defendant need not establish his defense conclusively" to sufficiently show a meritorious defense. *McNulty*, 137 F.3d at 740. However, the defendant must proffer evidence of facts that, "if proven at trial, would constitute a complete defense." *Enron Oil*, 10 F.3d at 98; *see also Manzanares*, 2020 WL 7249249, at 5 ("defense presented must 'give the factfinder

12

some determination to make'") (quoting *Am. Alliance Ins. Co. v. Eagle Ins. Co.*, 92 F.3d 57, 61 (2d Cir. 1996)).

Here, Defendants submit paychecks and timecards, signed by Plaintiff, along with Form W-2s, which show Plaintiff's duration of employment, the hours Plaintiff worked, rates at which Plaintiff was paid, and amounts that Plaintiff was paid. *See* Lam Aff., Exs. 3-127, Dkt. No. 30-1. These paychecks and timecards function to undermine Plaintiff's allegations in the Complaint concerning his compensation. For example, although Plaintiff asserted that he "was never paid any overtime premiums," Pl.'s Aff. ¶ 10, Dkt. No. 17-2, Defendants' submissions suggest that Plaintiff was paid overtime at a greater rate. "A defense that the plaintiff was properly paid, supported by time and pay records, is a meritorious defense." *Manzanares*, 2020 WL 7249249, at 5 (finding the defendants made an adequate showing where they submitted timecards demonstrating that the plaintiffs were paid hourly minimum wages and overtime pay).

Thus, Defendants have established a meritorious defense for purposes of Rule 60(b)(1).

### c. Plaintiff Will Not Be Prejudiced

A court assessing whether a plaintiff would be prejudiced "must take into account more than mere delay or passage of time." *Lopez*, 2017 WL 4277154, at 11 (E.D.N.Y. Sept. 26, 2017) (citation omitted); *see also Davis v. Musler*, 713 F.2d 907, 916 (2d Cir. 1983) ("delay alone is not a sufficient basis for establishing prejudice"). Instead, a plaintiff opposing a motion to vacate must demonstrate that "delay will result in the loss of evidence, create increased difficulties or discovery, or provide greater opportunity for fraud and collusion." *Davis*, 713 F.2d at 916 (citation omitted).

Plaintiff does not contend that he would face prejudice should this Court vacate the default judgment. As such, "there does not appear to be any prejudice to Plaintiff, nor has any

13

been claimed." See e.g., *U.S. v. Burnette*, No. CV-98-6756 (CPS), 2007 WL 201164 at 4 (E.D.N.Y. Jan. 23, 2007); *New York v. Green*, 420 F.3d 99, 110 (2d Cir.2005) ("prejudice" to the nondefaulting party must be more than delay alone and examples of prejudice include delay which "may thwart plaintiff's recovery or remedy .... [or] result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion") (internal citations and quotations omitted).

Thus, Defendants have shown that Plaintiff is not prejudiced for purposes of Rule 60(b)(1).

In sum, Defendant's Motion to Vacate should be granted under Rule 60(b)(1) for mistake because Defendants' default was not willful, Defendants have meritorious defenses, and Plaintiff is not likely to be prejudiced by the vacatur.

### 3. Rule 60(b)(3) Motion to Vacate for Fraud

Pursuant to Rule 60(b)(3), a court may vacate a final judgment for fraud by an opposing party. Fed. R. Civ. P. 60(b)(3); *State St. Bank & Tr. Co.*, 374 F.3d at 176. A motion brought under Rule 60(b)(3) "cannot be granted absent clear and convincing evidence of material misrepresentation, and to prevail a movant must show that the conduct complained of prevented the moving party from fully and fairly presenting his case." *Lopez*, 2017 WL 4277154, at 8 (internal quotation marks omitted) (quoting *Entral Grp. Int'l, LLC v. 7 Day Cafe & Bar*, 298 F. App'x 43, 44 (2d Cir. 2008)); *Cordero v. U.S.*, Nos. 09 Civ. 4388(SAS), 01 CR 74(SAS), 2012 WL 5431005 at 5 (S.D.N.Y. 2012) ("To prevail on a Rule 60(b)(3) motion, a movant must show that the conduct complained of prevented the moving party from fully and fairly presenting his case."). Although Rule 60(b)(3) provides courts with authority to "enable them to vacate

14

judgments whenever such action is appropriate to accomplish justice," such authority "should only be applied in extraordinary circumstances." *Cordero*, 2012 WL 5431005 at 5.

To vacate the default judgment, Defendants argue that Plaintiff fraudulently mispresented his length of employment at Nisen Sushi. In Plaintiff's Complaint and his affidavit, he alleges that from in or around January 2013 to on or around August 3, 2014, and then from on or around April 1, 2016, to November 11, 2018, Plaintiff was employed by the Defendants as a teriyaki chef at Defendants' restaurant located at 5032 Jericho Turnpike, Commack, NY 11725. Compl. para 8; Aff. para 2 DE 17. Defendants argue that Plaintiff worked (albeit not as a teriyaki chef) at Nissen Sushi of Commack from December 2016 through November 2018. In support, Defendants submit W-2 forms, paystubs, employment timecards, and wage notice. However, Defendants do not so much as suggest, let alone show, that Plaintiff's conduct prevented them from litigating their case. The same is true of the Supplemental Affidavit that Defendants submitted in support of their Motion. *See State St. Bank & Tr. Co.,* 374 F.3d at 176 (To prevail under Rule 60(b)(3), a movant must show that the alleged fraud, misrepresentation or other misconduct precluded it from fully and fairly presenting its case). Defendants alleged nothing concerning if and how Plaintiff engaged in any conduct to prevent Defendants from fully and fairly presenting their case.

While Defendants assert defective service in their Motion, this Court has already established that, at minimum, Nisen Sushi, was properly served, and there is nothing on record to show that Plaintiff acted fraudulently to prevent Defendants from fully and fairly litigating their case.

Thus, this Court respectfully recommends that Defendants' Motion be denied, insofar as it seeks to vacate the default judgment on 60(b)(3) grounds.

## IV. CONCLUSION

For the foregoing reasons, I respectfully recommend that Defendants' Motion to Vacate the default judgment be granted (i) as to Defendant Lam under Rule 60(b)(4) and Rule 60(b)(1); and (ii) as to Defendant Nisen Sushi under Rule 60(b)(1).

## V. OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. *See Marcella v. Capital Dist. Physicians' Health Plan, Inc.*, 293 F.3d 42, 46 (2d Cir. 2002); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

**SO ORDERED.**

                                                   /s/
                                           Steven L. Tiscione
                                           United States Magistrate Judge
                                           Eastern District of New York

Dated: Brooklyn, New York
         August 29, 22