UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------- x
YU PENG LU,

        Plaintiff,

    - against -                                **MEMORANDUM AND ORDER**
                                                              18-CV-7177 (RJD) (ST)

NISEN SUSHI OF COMMACK, LLC,
and TOM LAM,

        Defendants.
------------------------------------------------------- x
DEARIE, District Judge

        Magistrate Judge Tiscione recommends the Court grant Defendants' motion to vacate the default judgment previously entered in this case on April 6, 2020. R&R, ECF 65. Plaintiff Yu Peng Lu filed timely objections to the R&R on September 12, 2022. See Obj., ECF 66. Following a careful review of the R&R, Plaintiff's objections, and the parties' briefing on Defendants' motion to vacate, the Court adopts Judge Tiscione's recommendations in full. Accordingly, the default judgment against Nisen and Lam, ECF 24, is vacated.

## LEGAL STANDARD

**A.    Rule 72**

        Under Federal Rule of Civil Procedure 72(b)(3), when resolving objections to a report and recommendation of a magistrate judge, the Court determines *de novo* any part of the magistrate judge's disposition that has been properly objected to and then accepts, rejects, or modifies the recommended disposition. FED. R. CIV. P. 72(b)(3). The Court reviews for clear error any portions of the R&R not objected to. White v. W. Beef Props., Inc., No. 07-cv-2345, 2011 WL 6140512, at *2 (E.D.N.Y. Dec. 9, 2011) (Dearie, J.).

**B.    Rule 60**

        Under Rule 55(c) of the Federal Rules of Civil Procedure, a "court may set aside an entry

of default for good cause, and it may set aside a final default judgment under Rule 60(b)." Rule 60(b) provides in pertinent part that a court may vacate a final judgment for "mistake, inadvertence, surprise, or excusable neglect." FED. R. CIV. P. 60(b)(1). The Second Circuit has identified three factors to weigh in deciding wither to grant a motion to vacate a default judgment: (i) whether the defendant's default was willful; (ii) whether the defendant demonstrates the existence of a meritorious defense in the underlying action; and (iii) whether, and to what extent, vacatur will prejudice the non-defaulting party. Gesualdi v. Quadrozzi Equip. Leasing Corp., 629 F. App'x 111, 113 (2d Cir. 2015). A party moving for relief under Rule 60(b) generally must present "highly convincing" evidence in support of vacatur and "show good cause for the failure to act sooner and that no undue hardship be imposed on other parties." Gater Assets Ltd. v. AO Moldovagaz, 2 F.4th 42, 53 (2d Cir. 2021) (cleaned up).

We also note the preference in the Second Circuit for resolving disputes on the merits. Weingeist v. Tropix Media & Ent., No. 20-cv-275, 2022 WL 970589, at *4 (S.D.N.Y. Mar. 30, 2022). Default judgments, while important to the efficient and orderly administration of justice, are therefore generally disfavored. Id. (cleaned up). When "doubt exists as to whether a default should be vacated, the doubt should be resolved in favor of the defaulting party so as to ensure that actions will be resolved on the merits." Id. (cleaned up).

## DISCUSSION

**A.      Willful Default**

Plaintiff objects to the R&R's conclusion under Rule 60(b)(1) that Nisen did not willfully default. A willful default requires more than merely negligent or careless conduct; it must be "egregious and not satisfactorily explained," Jaramillo v. Vega, 675 F. App'x 76 (2d Cir. 2017)

2

(cleaned up), or "deliberately evasive," <u>Weingeist</u>, 2022 WL 970589, at *10 (S.D.N.Y. Mar. 30, 2022).

Plaintiff contends that Nisen, a corporate defendant, willfully defaulted because it failed to appear or respond to the Complaint despite service of process through the Secretary of State. Obj. at 7. Absent from Plaintiff's analysis, however, is any evidence that the default was deliberate, evasive, or egregious. Defendants proffer the explanation that they defaulted because they never received the summons or complaint and were unaware of the lawsuit until Lam's bank account was frozen in November 2020. ECF 59 at 19. Confronting a similar scenario in which a corporate defendant was properly served through the Secretary of State, but the company's principal signed a sworn affidavit that he never received notice of the lawsuit, the court in <u>Weingeist</u> found that default was not willful because the record was devoid of any sign of intentionally evasive conduct. 2022 WL 970589, at *10. The same is true here. We adopt Judge Tiscione's finding that Nisen did not willfully default.

**B.    Meritorious Defenses**

Plaintiff next objects to the R&R's conclusion that Defendants have established the existence of a meritorious defense. To establish a meritorious defense for Rule 60(b) purposes, a movant must present evidence of facts that would constitute a complete defense if proven at trial. <u>State St. Bank & Tr. Co. v. Inversiones Errazuriz Limitada</u>, 374 F.3d 158, 167 (2d Cir. 2004). As a defense against this Fair Labor Standards Act action, which alleges a lack of compensation for hours worked, <u>see</u> ECF 1, Defendants proffer that Plaintiff was properly paid. They submit evidence purporting to show sufficient payment to Plaintiff during periods for which he claims he was not paid. See ECF 59 at 2-11. If Defendants successfully prove this at trial, it would be a complete defense to Plaintiff's FLSA claim. See <u>Manzanares v. Your Favorite Auto Repair &</u>

3

Diagnostic Ctr., Inc., No. 17-cv-5001, 2020 WL 7249249, at *5 (E.D.N.Y. July 2, 2020), report and recommendation adopted, 2020 WL 6390162 (E.D.N.Y. Nov. 2, 2020). Plaintiff counters that Defendants' evidence is not "highly convincing." Obj. at 65-66 (quoting Hernandez v. La Cazuela de Mari Rest., Inc., 538 F. Supp. 2d 528, 535-36 (E.D.N.Y. 2007)). But, notwithstanding the quotation from Hernandez, the prevailing caselaw in this Circuit does not require, for Rule 60(b) purposes, that a meritorious defense be supported by "highly convincing" evidence.[1] Rather, there is a "low threshold necessary to satisfy [the meritorious defense] factor." Manzanares, 2020 WL 7249249, at *5. "In order to make a sufficient showing of a meritorious defense, the defendant need not establish his defense conclusively," as long as it would be a complete defense if proven at trial. New York v. Green, 420 F.3d 99, 109 (2d Cir. 2005) (cleaned up). We agree with Judge Tiscione that Nisen has demonstrated the availability of a meritorious defense.

**C.    Prejudice**

Plaintiff next argues that the R&R erred in finding that Defendants established that vacatur would not cause Plaintiff substantial prejudice. But the delays and the continuing litigation costs cited by Plaintiff as prejudicial are insufficient to establish substantial prejudice, particularly when discovery has not yet commenced. "[D]elay standing alone does not establish prejudice." Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 98 (2d Cir. 1993). Instead, "[r]eal prejudice is evidenced by the loss of evidence, the unavailability of witnesses[,] or roadblocks to

---

[1] The "highly convincing" standard applies to Rule 60(b) motions generally. See Gater Assets Ltd, 2 F.4th at 53 ("A party moving for relief under Rule 60(b) generally must present highly convincing evidence in support of vacatur.") (cleaned up). But it does not require that the evidence underlying a meritorious defense, which is one of several Rule 60(b)(1) factors to be weighed, meet that threshold. See State St. Bank & Tr. Co., 374 F.3d at 167 ("Whether a defense is meritorious is measured not by whether there is a likelihood that it will carry the day, but whether the evidence submitted, if proven at trial, would constitute a complete defense.") (internal quotations omitted). In other words, the *existence* of a provable defense must be highly convincing, but the evidence in support of that defense need not, at the Rule 60 stage, satisfy a highly convincing standard.

discovery." Mathon v. Marine Midland Bank, N.A., 875 F. Supp. 986, 993 (E.D.N.Y. 1995) (citing Davis v. Musler, 713 F.2d 907, 916 (2d Cir.1983)). The Court shares Plaintiff's frustration that following vacatur, the case will return to its infancy despite it commencing more than three years ago. Nevertheless, absent any showing that the passage of time has threatened the collection of evidence, the availability of witnesses, or will otherwise obstruct discovery, Plaintiff has not demonstrated that vacating the default judgment will cause him prejudice.

In sum, we agree with Judge Tiscione's Rule 60(b)(1) analysis and find that the relevant factors weigh conclusively in favor of vacatur.

### D. Jurisdiction Over Defendant Lam

Finally, Plaintiff does not object to the R&R's finding that Defendant Lam was improperly served and that the Court therefore lacked jurisdiction to enter a default judgment against him. The Court has reviewed Judge Tiscione's findings for clear error and finds none. The default judgment is therefore void as to Lam under Rule 60(b)(4) for lack of jurisdiction. See United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 270–71 (2010) (Rule 60(b)(4) vacatur applies when a court acted without jurisdiction, rendering the judgment void).

## CONCLUSION

Judge Tiscione's recommendations are adopted in full. The default judgment is vacated. Within 21 days of this Order, Defendants are directed to respond to the Complaint under Rule 12 of the Federal Rules of Civil Procedure. The Court thanks Judge Tiscione for his well-reasoned report and recommendation.

SO ORDERED.

Dated: Brooklyn, New York  /s/ Raymond J. Dearie
     September 30, 2022  RAYMOND J. DEARIE
                                                   United States District Judge